OPINION. Van Fossan, Judge: The issue here is whether or not the estate’s right to a deduction under section 812 (d) of the Internal Revenue Code is defeated by the fact that the value of the gift to the Board of Regents of the University of Colorado can not be determined because the trust instrument permitted the invasion of the trust corpus for the benefit of the decedent’s wife. The question in all cases of this character must be answered by the precise phraseology of the trust or will. Generally speaking, such instruments fall into two classes: (1) Those in which the language permitting the invasion of corpus is confined to the continuation of the beneficiary’s life on the same plane and according to the same standard of living as those normally existing before the gift, and (2), those in which the donor injects some element of additional and enlarged enjoyment of the gift, directs invasion when the beneficiary “desires” that expenditures be made for her happiness, pleasure or comfort,, and enjoins on the trustee a liberal or generous use of the power so granted. In cases of the first class, the amounts needed to provide for the care and support of the life beneficiary can be ascertained with reasonable certainty, and thus such directions of the trustor do not defeat the charitable bequests. Provisions relating to illness, injury, or incapacity such as are found in the trust before us do not enlarge or extend the nature of the prescribed expenditures, but merely define and emphasize them. They are of the kind normally expected in the preservation and continuation of the beneficiary’s usual mode of living. In the cases of the second class, the element of speculation is added, thus making the amounts spent for the life beneficiary — and hence the amounts ultimately distributed to charity — impossible of calculation with reasonable accuracy. For many years the leading and controlling case on this subject has been Ithaca Trust Co. v. United, States, 279 U. S. 151. There the trustor authorized the invasion of the corpus for any sums “that may be necessary to suitably maintain her in as much comfort as she now enjoys.” There the court stated that the standard was fixed in fact and capable of being stated in definite terms of money, observing that the income for the estate was more than sufficient to maintain the widow as required and that “there was no uncertainty appreciably greater than the general uncertainty that attends human affairs.” The Court held that the bequests to charity were allowable. The two leading cases in the Ninth Circuit, both decided on facts quite similar to those in the case at bar, are Commissioner v. Bank of America National Trust As Savings Association (Mayo estate), 133 Fed.' (2d) 753, and Commissioner v. Wells Fargo Bank & Union Trust Co. (Hume estate), 145 Fed. (2d). 130. In both cases the court allowed the deduction. In the Mayo case the testator bequeathed certain property in trust from which the trustee was directed to pay $250 per month to the testator’s sister and, “in case she should, by reason of accident, illness or other unusual circumstance so require, such additional sum or sums as in the judgment of said trustee may be necessary and reasonable under the existing conditions.” The value of the gross estate was over $114,000. The sister was 78 years of age at the time of the decedent’s death. She had property valued at $26,900, from which she received an annual income of about $900. She used her own income for her needs and deposited a large'part of the monthly payments in her savings account. The court held that, although the beneficiary’s activities had been greatly restricted due to impaired eyesight and advanced age, the invasion of corpus was remote and not sufficiently probable to affect the charitable bequest. In the Hume case the testator directed that the income from a trust fund should be paid to her niece for life, with charitable Organizations as residuary legatees. The trustees were empowered to apply such part of the principal as they deemed reasonable to assist the niece in case of her need “on account of any sickness, accident, want or other emergency.” The appraised value of the decedent’s residuary estate was $130,000. The niece was 54 years old and owned property valued at $35,000. She received $300 per month from the trustees. The court there also held that the bequests to charitable institutions weie deductible. The decisions in both the Mayo and Hume cases relied largely on the reasoning in the Ithaca Trust Co. case. The case at bar presents facts essentially the same as those in the two cases just cited. Here, none of the trust income or principal was needed by Mrs. Wetherill or paid to her. Her own estate was appraised at $110,000. Her living expenses, including the charges of a nursing home, did not exceed the income from her own property. The sum of almost $2,000 was expended by the trustees to cover the cost of her last illness.and funeral, but that amount was less than the annual trust income distributable to her. Furthermore, such expenditure may have been compelled by the thirty-day limitation set ill the trust indenture. The trustee is directed to pay any part of the trust principal for Mrs. Wetherill’s “care, maintenance and support” and for any extraordinary expenses due to injury, illness, or disability, provided, however, that she shall state to the trustee that she has insufficient funds for such expenses. The record discloses that she not only did not state to the trustee that her own funds were insufficient, but she specifically refused to accept even income from the trust fund. At the same time she expressed her deep personal interest in the object of the charity, this fact making it practically unlikely that she would ever invade the corpus. Thus, the facts here bring this case directly under the rule of the Ithaca Trust Co. case, followed in the Mayo and Hume cases. The respondent argues that the recent case of Merchants National Bank of Boston v. Commissioner (Field estate), 820 U. S. 256, decided November 15, 1943, controls the situation before us. We do not agree. In that case, which falls within the second class described above, the Court distinguished the facts of the Ithaca Trust Go. case from the facts there under consideration. The Court did not condemn or overrule the principles set forth in the Ithaca Trust Go. case, but rather approved them when applied to appropriate cases.[1] In the Hume case, decided October 11, 1944, the Circuit Court of Appeals for the Ninth Circuit was well aware of the effect of the Field case decision and quoted a part of the excerpt in the footnote. The court there said: In the instant case there is substantial evidence to support the finding of the Tax Court concerning the remoteness of invasion of the trust corpus. The taxpayer has shown with sufficient certainty that the entire amount of the principal will be available for charitable purposes in accordance with the directions in the will by a showing of the beneficiary’s advanced age, frugality over a long period of time, and independent means. The' Merchants National Bank case, supra, is clearly distinguishable on its facts. The opinion therein emphasizes the possibility under the will of draining corpus for the widow’s happiness through the trustee’s exercise of “discretion with liberality,” a highly speculative element, which is absent in the instant situation. We therefore find no error. So here, we find that Mrs. Wetherill was a woman of advanced years, had ample independent means, lived modestly, and was conspicuously economical in the use of money. Therefore, on the authority of the Hume, Mayo, and Ithaea Trust Co. cases, we approve the petitioner’s contention. Decision will be entered under Rule 50.