ESTATE OF JOHN W. HOLMES, THOMAS P. HEFFERNAN AND FLORENCE LOUISE HOLMES, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6323. Promulgated December 21, 1945.

*J. Russell Rogerson, Esq.*, for the petitioners.
*Walt Mandry, Esq.*, for the respondent.

## OPINION.

Van Fossan, *Judge*: The principal issue is whether the value of the decedent's residual bequest to a charitable institution is sufficiently ascertainable to allow a deduction therefor under section 812 (d) of the Internal Revenue Code. If this is decided in the petitioners' favor, we must further determine the present value of the interest so bequeathed. That the residuary legatee qualifies as a charitable institution under the above section, is not questioned by the respondent.

The respondent contends that the provision in the trust empowering the trustees to invade corpus for the benefit of the life tenant has rendered the value of the charitable remainder so uncertain and unascertainable that no deduction may be allowed therefor. The petitioners, in opposition, contend that such value is readily ascertainable from present data.

The determination of the issue depends primarily upon the precise phraseology of the will. In cases of this character, where the invasion of the corpus has been limited to the amount necessary to sustain the beneficiary's mode of living on the same plane as it existed before the gift, the deduction has been allowed. The leading case of this type is *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. In that case a deduction was allowed where the life tenant was given authority to use from the principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." The Court stated that the standard was fixed in fact and capable of being stated in definite terms of money, that the income from the estate was more than sufficient for the purpose required, and that "there was no uncertainty appreciably greater than the general uncertainty that attends human affairs."

It has been further held that the deduction is allowable where the life tenant's former mode of living, coupled with her own estate, showed that there was little or no probability in fact that the principal of the trust would ever be used for the benefit of such life tenant.

*Commissioner* v. *Bank of America National Trust & Savings Association* (*Mayo Estate*), 133 Fed. (2d) 753; *Commissioner* v. *Wells Fargo Bank & Union Trust Co.* (*Hume Estate*), 145 Fed. (2d) 130.

Where, however, the donor inserts an additional element such as the happiness, pleasure, or comfort of the beneficiary, and directs a liberal exercise of the power so to invade corpus, no deduction is allowable, since in such cases an element of speculation is added, making both the amounts spent for the life beneficiary and the charitable remainder impossible of calculation with reasonable accuracy.

This type of case is exemplified by *Merchants National Bank of Boston* v. *Commissioner* (*Field Estate*), 320 U. S. 256. There the testator-trustor authorized the trustee to invade the corpus "at such time or times as my said Trustee shall in its sole discretion deem wise and proper for the comfort, support, maintenance, and/or happiness of my said wife, and it is my wish and will that in the exercise of its discretion with reference to such payments from the principal of the trust fund to my said wife, * * * my said Trustee shall exercise its discretion with liberality to my said wife, and consider her welfare, comfort and happiness prior to claims of residuary beneficiaries under this trust."

The Supreme Court held the deduction unallowable, since the extent to which the principal might be used was not restricted by a fixed standard based on the widow's prior way of life. The introduction of the element of the widow's happiness and the instruction to the trustee to exercise its discretion with liberality were held to bring into the calculation elements of speculation too large to be overcome, notwithstanding the widow's previous mode of life was modest and her own resources substantial. In its opinion the Court observed:

For a deduction under § 303 (a) (3) to be allowed, Congress and the Treasury require that a highly reliable appraisal of the amount the charity will receive be available, and made, at the death of the testator. Rough guesses, approximations, or even the relatively accurate valuations on which the market place might be willing to act are not sufficient. Cf. *Humes* v. *United States*, 276 U. S. 487, 494. Only where the conditions on which the extent of invasion of the corpus depends are fixed by reference to some readily ascertainable and reliably predictable facts do the amount which will be diverted from the charity and the present value of the bequest become adequately measurable. And, in these cases, the taxpayer has the burden of establishing that the amounts which will either be spent by the private beneficiary or reach the charity are thus accurately calculable.

In the instant case the decedent's will authorized the trustees to invade the principal of the trust to the extent sufficient "to properly care for and maintain" the life beneficiary. Clearly, this presented no fixed standard such as was present in the *Ithaca Trust Co.* case. The term "proper" is not one of exactitude. The trustees, in the exercise of their discretion, might fairly conclude that it embraced the happi-

ness and comfort of the beneficiary. Certainly, it does not restrict them to the amount necessary to continue the beneficiary's mode of living as it existed prior to the decedent's death.

There is no evidence, furthermore, as to the manner in which the decedent's niece lived prior to his death. The facts show that she resided with the decedent and received her support and maintenance at his hands. The record is silent, however, as to the cost of such support or the style in which the beneficiary lived. There is likewise no evidence concerning whether or not the beneficiary had any estate of her own which could at least partially defray her living costs. Lacking such facts, we could only speculate on the amounts which would "either be spent by the private beneficiary or reach the charity." Cf. *Merchants National Bank of Boston* v. *Commissioner*, *supra*.

The petitioners contend, however, that there is little or no probability in fact that the trust principal will ever be used for the benefit of the decedent's niece and that the present case is within the rule of the *Hume* and *Mayo* cases, *supra*. In support of this they point to the fact that the beneficiary has lived well within the income of the trust since the decedent's death.

That is true, but in determining the question before us we may not look to events which have occurred subsequent to the decedent's death. *Wells Fargo Bank & Union Trust Co.* v. *Commissioner* (*Sternheim Estate*), 145 Fed. (2d) 132; *Ithaca Trust Co.* v. *United States*, *supra*. In the latter case the Court said that "The estate so far as may be is settled as of the date of the testator's death [citations]. The tax is on the act of the testator, not on the receipt of property by the legatees [citations]. Therefore, the value of the thing to be taxed must be estimated as of the time the thing is done." See also *United States* v. *Provident Trust Co.*, 291 U. S. 272, where the Court stated that in making a deduction for a charitable remainder "the value thereof must be determined from data available at the time of the death of decedent."

As we have shown above, the record herein is fatally deficient in such evidence. There is no showing here of the beneficiary's "advanced age, frugality over a long period of time, and independent means" from which we might determine that the probability of invasion of the corpus was so remote as to be nil, as there was in the *Hume* case, *supra*. It must be remembered, too, that since the decedent's death the beneficiary has resided with her sister and family. How long this fortuitous arrangement will continue, it is impossible to say. The beneficiary was but 56 years of age at the time of the decedent's death and it is easily conceivable that in the future she will be forced to reside elsewhere and that her living expenses may well exceed the income of the trust.

Upon the whole record we conclude that the petitioners have not shown error in the respondent's determination. Consequently, such determination must be sustained.

In view of our decision on the primary question, it is not necessary to consider the subordinate issue presented.

*Decision will be entered for the respondent.*