OPINION. Leech, Judge'. The sole issue is whether the net capital gain, in the amount of $4,185.53, realized by the executors of decedent’s estate, during the taxable period, is deductible under section 162 (a) of the Internal Revenue Code.[1] The will of decedent, after providing for certain devises and bequests, creates a testamentary trust, the entire income of which is to be paid to his wife for life, with the remainder over to the trustees of Rutgers College, a corporation as defined in section 23 (o) (2) of the code. Under the will capital gains are to become a part of the principal of the trust. To the extent necessary to make the monthly payments to decedent’s wife of not less than $1,500, the trustees are directed to draw upon the principal of the fund. The respondent contends, since the entire income is to be paid to the life beneficiary, the direction to invade the corpus in the event the ordinary income is insufficient to meet the minimum payments prevents capital gains from being “permanently set aside to be used exclusively for educational purposes.” The principle that the mere existence of the power to invade corpus requires a denial of a deduction of a charitable bequest of the remainder has not been judicially accepted. The statute has been construed with a view to carrying out its purpose to encourage charitable contributions. Old Colony Trust Co. v. Commissioner, 301 U. S. 379; Ithaca Trust Co. v. United States, 279 U. S. 151; Edwards v. Slocum, 264 U. S. 61. In estate tax cases, the rule is well established that, where the gift is of a remainder interest to a cháritable organization and there exists a possibility of the invasion of the corpus, the deduction is allowable if the value of the gift is presently susceptible of reasonably definite ascertainment. Ithaca Trust Co. v. United States, supra; Estate of Edwin E. Jack, 6 T. C. 241, Likewise, if the noninvasion of the corpus can not be predicted with reasonable certainty and the value is thus not presently so ascertainable, the deduction will not be allowed. Merchants National Bank of Boston v. Commissioner, 320 U. S. 256; Humes v. United States, 276 U. S. 487; Estate of John W. Holmes, 5 T. C. 1289. The deduction for income tax purposes stands on no better footing. Merchants National Bank of Boston v. Commissioner, supra; F. G. Bonfils Trust, 40 B. T. A. 1085; affd., 115 Fed. (2d) 788; Commissioner v. Upjohn Estate, 124 Fed. (2d) 73. Cases of this character must stand upon their own facts. The burden is upon petitioner, seeking the deduction, to establish facts and circumstances justifying the conclusion that the possibility of invasion of the corpus is so ¡remote that one may reliably predict that the invasion will not occur. The factors established by petitioner’s proof are: The age and expectancy of the life beneficiary; the value of the corpus of the trust at decedent’s death and its increase since that time; the available income has been in excess of the minimum payments required under the will; the nature of the corpus; and the fact that the management of the trust fund is entrusted to an experienced trustee. The respondent points out that the life beneficiary, at the death of the decedent, had a life expectancy of 13 years and 172 days; the corpus consists largely of a variety of common stocks; the income is dependent on dividends which fluctuate with economic conditions; the available income has averaged only 1.66 times the required minimum payments; and, since all. the annual income is to be paid to the life beneficiary, no reserve will be available in the event the income falls below the minimum requirements. These factors, argues respondent, render it impossible to reliably predict that an invasion of the corpus will not occur during the existence of the trust. We should, and do, take judicial notice that the periods of time covered by petitioner’s proof were those covered by the war, when economic conditions were more favorable than at any time in the decade prior to decedent’s death in 1941. Nor should we fail to note the existence of economic cycles, when business conditions are alternately good and bad. It appears to us that the decedent, in making provision for the mandatory invasion of the corpus if the income did not reach the amount required to make the minimum payments, was not unaware of those cycles. Petitioner has not informed us of the dividend history of the common stocks forming a large part of the trust corpus. A prior dividend history might have been helpful in determining the probabilities of the future. Aside from other circumstances, the length of the unexpired expectancy of the life beneficiary, the narrowness of the margin of safety of available income over the minimum requirements, and the source of the income constitute factors that do not lend themselves to reliable prediction. They do not justify a conclusion that there exists no reasonable uncertainty an invasion of the corpus will not occur during the existence of the trust. The determination of the respondent is sustained. Decision will be entered for the respondent. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that— (a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit.