ESTATE OF LUCIUS H. ELMER, PHOENIX STATE BANK AND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8020. Promulgated April 30, 1946.

*Harold E. Mitchell, Esq.*, for the petitioner.
*Carl A. Stutsman, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Respondent has disallowed the deduction claimed for charitable bequests under section 812 (d) of the Internal Revenue Code on the ground that no standard or limitation is fixed by which the extent of invasion of the trust corpus can be measured, and that therefore the amount which will eventually pass to the charitable institutions can not be determined.

Under the decedent's will the trustee's power to invade the corpus is contingent upon insufficiency of the net income of the trust, together with the other income of the widow, to provide her with "comfortable support and maintenance." In the event of such insufficiency the

trustee then has the discretionary power to pay or apply so much of the principal as may be necessary "to properly provide for her support and maintenance." Petitioner contends that these provisions fix a definite standard capable of being stated in terms of money.

We have recently had occasion, in *Estate of Edwin E. Jack*, 6 T. C. 241, a case quite similar factually to this one, and also in *Estate of James M. Schoonmaker, Jr.*, 6 T. C. 404, to review a number of leading decisions which are directly in point on the question here at issue, including *Ithaca Trust Co. v. United States*, 279 U. S. 151; *Merchants Nat. Bank of Boston v. Commissioner*, 320 U. S. 256; *Hartford-Connecticut Trust Co. v. Eaton*, 36 Fed. (2d) 710, and many others on both sides of the question. As we said in *Estate of Edwin E. Jack*, the decisions establish the proposition that deductibility of such bequests depends upon both the language of the power and the likelihood of its exercise in view of the facts and circumstances of each case.

In the *Jack* case the trustees had a discretionary power to use the principal for the "comfort and support" of the testator's widow, if they thought the income insufficient. We cited numerous cases holding that the terms "comfort," "support," and "maintenance," in varying combinations, supplied the necessary objective standard limiting invasion of the corpus, and we concluded that the power there under consideration fell within the scope of the *Ithaca* and *Hartford* cases, rather than the *Merchants National Bank* case and others holding that the use of such subjective terms as "happiness," "pleasure," "use and benefit," and "desire" introduces elements too speculative to permit present ascertainment of the value of the charitable bequests. With respect to the power in the instant case, our conclusion is the same. By the standard here fixed the trustee's discretion is limited to the support and maintenance of the widow according to her customary mode of life.

As to the likelihood that the power would ever have to be exercised, we think the facts set out in our findings speak for themselves. When the decedent was alive, he and Mrs. Elmer habitually led a modest, frugal existence. Since his death, she has continued to live in the same manner. She was 69 years of age and enjoying good health when he died. At that time it was possible to estimate that her share of income produced by the trust assets would far exceed the expenditures required to support and maintain her according to her station in life. The facts since have borne out the estimate. Her personal estate has steadily increased through savings of the excess of the amounts received from the trust over the amounts required for living expenses.

950

Considering all the facts, we conclude that the possibility of the trustee's ever having to exercise the power to invade corpus was so remote as to be negligible; consequently, the value of the charitable bequests was capable of definite ascertainment.

It follows that petitioner is entitled to a deduction on account of the charitable bequests.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

LEECH, *J.*, dissents.