Winfred Runyan Estate, Dee R. Wygant, Executor of the Last Will v. Commissioner.
Runyan Estate v. Commissioner
Docket No. 8692.
United States Tax Court
1946 Tax Ct. Memo LEXIS 144; 5 T.C.M. (CCH) 531; T.C.M. (RIA) 46156; June 28, 1946
Eben Lesh, Esq., Huntington, Ind., for the petitioner. Lester M. Ponder, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion This proceeding involves an estate tax deficiency of $5,845.17. The only question in issue is whether the values of certain remainder interests which decedent bequeathed to charities, after a life estate in his wife, are deductible as charitable bequests. The facts are not in dispute. Findings of Fact The decedent died testate, a resident of Huntington, Indiana, on December 24, 1942. His executor filed an estate tax return with the collector of internal revenue for the district of Indiana. In his will the decedent left the residue of his estate to his wife, Bertha L. Runyan, for life, *145 with the further provision that "said Bertha L. Runyan be permitted to use such portions of the income and if necessary from the principal of my estate as may be necessary for her reasonable comfort and support." After the death of his wife one-half of the remainder of decedent's estate was to be distributed to his daughter, one-sixth to Amity Lodge 483 F. & A.M. of Huntington, one-sixth to the Huntington Y.M.C.A., and one-sixth to the Christian Science Church of Huntington. The executor filed his final accounting on the estate in the Huntington County Circuit Court on February 28, 1945, and it was approved by the court on that date. In its closing order, however, the court specified that the estate was to be continued and held open - * * * for the sole and only purpose of investing and reinvesting and conserving the funds in the possession of this executor under the terms of the will of the decedent, and to pay the net income therefrom to the said Bertha L. Runyan, according to the terms of said will, and to make distribution upon the death of Bertha L. Runyan, according to the terms of the will of said decedent; and except as hereinabove set out, said estate is hereby declared *146 closed. The items here in controversy are the bequests to the Huntington Y.M.C.A. and the Christian Science Church of Huntington, both of which, it is stipulated, are charitable institutions within the purview of the revenue act. Those bequests were valued in the estate tax return at $8,089.29 each. Decedent's total gross estate was valued by the respondent at $156,392.37. The decedent's wife was 63 years of age at the date of his death. She had at that time an estate of her own consisting of real estate, securities and other personal property of a total value of approximately $135,000. The real estate included improved farm lands valued at $12,000, a summer home at Lake Tippecanoe, Indiana, valued at $15,000, and residential properties in Indiana and Florida valued at $4,000 each. She had cash in bank of over $8,000 and the proceeds of insurance policies on the life of decedent in the amount of $31,063.50. The balance of her separate estate consisted largely of securities. Since her husband's death, the value of her separate estate has increased appreciably through the accumulation of income in excess of expenses and through the appreciation of security values. She received *147 gross income in 1943 of $12,259.44 from her personal estate and $4,187.54 from decedent's estate. Her total expenses for that year, including farm expenses and all of her living expenses, were $8,752.22. For 1944 her gross income from all sources was $17,565.68 and her total expenses were $8,440.50. She has never received or requested any of the principal from decedent's residuary estate. Her income has been more than sufficient at all times for all of her needs. She maintains a moderate scale of living and is generally frugal in her habits. She drives her own automobile and has no regularly employed servants. She spends a few weeks each summer at her home at Lake Tippecanoe which is about 40 miles from Huntington. She has not been to Florida since decedent's death. It is reasonably certain that she will not request or receive any amount from the principal of decedent's residuary estate. Opinion KERN, Judge: We think that the values of the remainder interests in decedent's residuary estate, which, after the wife's life estate, were to go to the Huntington Y.M.C.A. and the Christian Science Church of Huntington, are deductible from the gross estate as charitable bequests under *148 section 812 (d), Internal Revenue Code. By decedent's will his wife was given the right to invade the principal of the estate out of which the charitable bequests were to be paid "as may be necessary for her reasonable comfort and support." The primary legal question is whether that provision constitutes a fixed standard capable of measuring the likelihood of such an invasion of the principal of the residuary estate. On the authority of Estate of Edwin E. Jack, 6 T.C. 241, our answer is that it does. See also Ithaca Trust Co. v. United States, 279 U.S. 151; First National Bank of Birmingham, Ala. v. Snead, 24 Fed. (2d) 186; Hartford-Connecticut Trust Co. v. Eaton, 36 Fed. (2d) 710; Lucas v. Mercantile Trust Co., 43 Fed. (2d) 39; Commissioner v. Bank of America National Trust & Savings Association, 133 Fed. (2d) 753; Commissioner v. Wells Fargo Bank & Trust Co., 145 Fed. (2d) 130; Estate of Horace G. Wetherill, 4 T.C. 678, appeal dismissed (C.C.A. 9th Cir.), 150 Fed. (2d) 1019; Estate of James M. Schoonmaker, Jr., 6 T.C. 404, (promulgated *149 March 8, 1946). Cf. Merchants National Bank of Boston v. Commissioner, 320 U.S. 256. The facts disclosed by the record amply support a conclusion that the personal resources of decedent's widow coupled with the income from decedent's estate were more than sufficient for her comfort and support according to the standard of living to which the record shows she was accustomed. Our ultimate conclusion therefore follows: that there is reasonable certainty, ascertained from a fixed standard capable of measurement, that there will be no invasion of the principal fund from which the charitable bequests are to be paid. A different result has been reached in cases like Estate of John W. Holmes, 5 T.C. 1289, and Estate of Nathan P. Cutler, Jr., 5 T.C. 1304, where the evidence showed no reasonable certainty that the income available to the life beneficiaries would be sufficient to meet all of their needs so that there would be no occasion for impairment of the principal and the bequests of charity. On the evidence before us in the instant case we hold that the values of the bequests to charity here in question are allowable as deductions from decedent's *150 gross estate. Decision will be entered under Rule 50.