OPINION. Murdock, Judge: The petitioner asks only that the Commissioner be reversed in increasing the values of the three contracts over the amount reported on the return. His pleadings do not ask that the values be reduced below the amounts returned. It is just as well that this is so, because the record does not establish any specific values for the contracts as of July 24,1943. The question narrows to this, Must the life expectancy as shown by standard expectancy tables for a female of the age of this annuitant be used in valuing these contracts, or may the fact that her actual life expectancy was much less be considered? No cases directly in point have come to our attention. The use of such tables is proper in many cases (see Simpson v. United States, 252 U. S. 547; Ithaca Trust Co. v. United States, 279 U. S. 151) and simplifies administration of the revenue laws. Their use is prescribed in the Commissioner’s regulations. However, such tables are only evidentiary and they need not be controlling. Cf. Vicksburg & Meridian R. R. Co. v. Putnam, 118 U. S. 545; United States v. Provident Trust Co., 291 U. S. 272. The question is, What was the value of these particular contracts on July 24, 1943 ? Sec. 811, Internal Revenue Code. All facts material thereto may, indeed must, be considered. Here the evidence clearly establishes that Helen’s life expectancy on July 24, 1943, was less than one-half that shown by the standard tables for a person her age. It was not even one-fourth. She was doomed to die within a year or so. She lived only one and one-half years from that date. This latter fact serves only to corroborate the opinion of her doctor as of July 24,1943, that she could not possibly live more than one or two years. Cf. Ithaca Trust Co. v. United States, supra. We need not discuss the gruesome details of her operations and physical condition. Decision will be entered v/nder Rule 50.