ESTATE OF NELLIE H. JENNINGS, HAMILTON NATIONAL BANK OF KNOXVILLE, EXECUTOR AND TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6471. Promulgated February 19, 1948.

*M. W. Egerton, Esq., William W. Davis, Esq.*, and *S. F. Fowler, Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

LeMire, *Judge*: The courts of proper jurisdiction have construed the decedent's will as vesting the remainder of the residuary estate in the named charitable organizations, and that ruling is not challenged by the respondent here. The Commissioner contends, however, that the charitable bequests are incapable of valuation, and, therefore, not deductible under section 812 (d), Internal Revenue Code, because of the power in the trustee to invade the corpus of the testamentary trust for the benefit of the decedent's surviving husband.

Item I of the will provides that, if the husband survives the testatrix, the trustee is to hold the estate "For the use and benefit of my husband, James W. Jennings, so long as he may live" and "is to use any amount of the income or principal for the care and maintenance of my husband." Item X of the will contains a similar provision for the residuary estate to be held by the executor and trustee "for the use and benefit" of the husband so long as he lives.

The petitioner takes the position that under these provisions of the will, and considering the physical condition of the surviving husband at the date of decedent's death, there was not a sufficient probability of invasion of the principal of the trust to render the charitable bequests of the remainder interest incapable of valuation.

We agree with this contention. It has been held in a number of cases that the words "care and support," "care and maintenance," and words of like import, used in trust conveyances denote a fixed or ascertainable standard determinable by reference to the manner of living to which the beneficiary is accustomed and other circumstances that might affect his needs. We said in *Estate of Edwin E. Jack*, 6 T. C. 241, that:

> * * * the disposition of the issue as to whether or not such bequests are deductible depends, generally, upon the language of the power and the likelihood of its exercise as disclosed by the facts and circumstances of each case. * * *

In *Ithaca Trust Co.* v. *United States*, 279 U. S. 151, there was a provision for withdrawal from principal of any sum that might be necessary "to suitably maintain her [the wife] 'in as much comfort as she now enjoys.'" The Supreme Court held that this provision established a standard for measuring the extent of the invasion of the trust principal. Under the testamentary trust in *Estate of Edwin E. Jack*, *supra*, the trustees were directed to pay over to the widow, in addition to the income, so much of the principal "as they in their sole discretion deem necessary for her comfort and support." We said in our opinion:

> * * * It is true that the instrument before us does not expressly limit the standard to "as much comfort as she now enjoys," as did the instrument

in the *Ithaca Trust Co.* case, *supra*, but, nevertheless, the words used limit the discretion of the trustees as effectively as if there had been an express limitation in the instrument itself. With due regard to changes in cost, the power is intended only to secure to the beneficiary the kind of living to which she was accustomed as if interpolating into the will here considered the words expressly used in the will under consideration in the *Ithaca* case, *supra*. *Hartford-Connecticut Trust Co.* v. *Eaton*, 36 Fed. (2d) 710.

In *Hartford-Connecticut Trust Co.* v. *Eaton*, 36 Fed. (2d) 710, the invasion of principal was for the "comfortable maintenance and support" of the widow. The court pointed out that this meant for the support of the widow according to her station in life. See also *First National Bank of Birmingham, Alabama* v. *Snead*, 24 Fed. (2d) 186; *Estate of Horace G. Wetherill*, 4 T. C. 678; and *Commissioner* v. *Wells Fargo Bank & Union Trust Co.*, 145 Fed. (2d) 130. We think that the reasoning of those cases applies here. The trustee, we think, would have been restrained by the court from paying out any more of the principal of the trust than was needed for the reasonable care and support of decedent's invalid husband. The husband at the date of decedent's death, as well as at the time the will was executed, was a hopeless invalid, almost totally paralyzed and without reason, memory, or personal desires of any kind. He was rapidly deteriorating at the date of decedent's death and, in the words of his physician, was "just an individual protoplasm." The evidence is that he was then receiving the maximum of care that could be given him and that there was no reasonable likelihood that there would ever be any increase in the cost of his care and maintenance. As the Tennessee courts had pointed out in construing the will, the trustee was under a duty to preserve the residuary estate for the benefit of the charities named in the will.

The remaining question is whether in valuing the charitable bequests the life estate of the decedent's husband is to be determined with reference to established mortality tables, upon which the respondent relies, or with reference to the actual physical condition of the decedent's husband at the time of her death. At the date of decedent's death her husband was seventy-three years of age. The petitioner contends that, in view of the husband's physical condition, his reasonable life expectancy was not more than one year from the date of decedent's death. Such was the testimony of the husband's attending physician and the opinion testimony of other well qualified medical authorities.

The United States Supreme Court has said that in making a deduction for a remainder interest bequeathed to charity, such as is here under consideration, "the value thereof must be determined from data available at the time of the death of decedent." *United States* v. *Provident Trust Co.*, 291 U. S. 272. We held in the *Estate of John Halliday Denbigh*, 7 T. C. 387, that the use of established mortality tables, which are evidentiary only, must give way to the proven facts

which show a less life expectancy. There, the life beneficiary was suffering from cancer in an "inoperable, incurable" form and was doomed to die within a year or two, whereas, according to the mortality table, she had a life expectancy of about sixteen years. Those are much like the facts in the instant case, and we think the same principle governs. The evidence is that at the date of decedent's death the life expectancy of her husband was not more than one year. Actually, he lived only two months. We therefore sustain the petitioner's contention that the valuation of the life estate, which must be deducted from the charitable bequests, should be based upon a life expectancy of not more than one year.

*Decision will be entered under Rule 50.*