ESTATE OF NICHOLAS MURRAY BUTLER, DECEASED, T. LUDLOW CHRYSTIE AND GUARANTY TRUST COMPANY OF NEW YORK, SURVIVING EXECUTORS, AND T. LUDLOW CHRYSTIE AND GUARANTY TRUST COMPANY OF NEW YORK, EXECUTORS OF THE ESTATE OF KATE BUTLER, DECEASED EXECUTRIX, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32431. Promulgated August 27, 1952.

*Samuel L. Brookfield, Esq.*, for the petitioners.
*Ellyne E. Strickland, Esq.*, for the respondent.

918

OPINION.

HILL, *Judge:* The petition filed in this proceeding sets forth three assignments of error. The petition alleges, first, an erroneous valuation of the charitable remainder passing to the trustees of Columbia University in the City of New York, an organization admittedly tax exempt under section 812 (d) of the Internal Revenue Code; second, the failure to allow as a deduction the sum of $2,250, which was ordered to be paid to the special guardian by decree of the Surrogate's Court upon the executors' final account; and third, the failure to allow as a deduction the expenses of this proceeding. The issues raised by the second and third allegations of error have been stipulated by the parties in favor of the petitioners. We need not concern ourselves with them here.

The first assignment of error raises questions which are more complex. Under subsection (a) of clause FIFTH of the decedent's will, Columbia University was given a specific bequest of $100,000 to constitute a permanent fund to be known as a memorial to the decedent's wife, Kate La Montagne Butler, and the trustees of Columbia University were requested to make from this fund, or its income, a monthly allowance of $90 to Katherine V. R. Schuyler during her lifetime. Counsel for petitioners stated at the hearing that this gift to Katherine V. R. Schuyler was precatory in nature[1] and hence the full $100,000 should be deducted under section 812 (d) of the Internal Revenue

---

[1] Clause FIFTH of decedent's will :

    (a) * * * I ask the Trustees of Columbia University to make from this fund, or its income, a monthly allowance of ninety (90) dollars to KATHERINE V. R. SCHUYLER during her lifetime. Her present address is Box 415, Morganton, North Carolina. She is a cousin of my daughter. This allowance is necessary to enable her to meet her living expenses.

        *        *        *        *        *        *

Code because the terms of the will relating to the allowance do not require Columbia University to make payment thereof. However, it is conceded that Columbia University has been regularly paying this monthly allowance to Katherine V. R. Schuyler. The petitioners' argument that the value of this legacy to Katherine V. R. Schuyler should not be deducted from the specific bequest of $100,000 to Columbia University in determining the final deduction allowable for the specific bequest is without substance and was not pressed upon brief. For these reasons we will not further concern ourselves with this argument here. It is sufficient that we hold that the value of this monthly allowance should be deducted from the bequest in computing the deduction allowable therefor under section 812 (d).

A further minor issue under the major allegation of error is the proper valuable of the life estate given by Clause FIFTH of the decedent's will to his surviving widow, Kate La Montagne Butler. It is the respondent's contention that this life estate must be valued by reference to the actuarial tables exclusively, while the petitioners maintain that the valuation of the life estate is ruled by our holding in the *Estate of Nellie H. Jennings*, 10 T. C. 323. There, as here, the decedent left a last will and testament under which the trustee was to hold the estate "For the use and benefit of my husband, James W. Jennings, so long as he may live." After having resolved one point not here material in favor of the taxpayer, this Court states the following at pages 327–328:

> The United States Supreme Court has said that in making a deduction for a remainder interest bequeathed to charity, such as is here under consideration, "the value thereof must be determined from data available at the time of the death of decedent." *United States* v. *Provident Trust Co.*, 291 U. S. 272. We held in the *Estate of John Halliday Denbigh*, 7 T. C. 387, that the use of established mortality tables, which are evidentiary only, must give way to the proven facts which show a less life expectancy. There, the life beneficiary was suffering from cancer in an "inoperable, incurable" form and was doomed to die within a year or two, whereas, according to the mortality table, she had a life expectancy of about sixteen years. Those are much like the facts in the instant case, and we think the same principle governs. The evidence is that at the date of decedent's death the life expectancy of her husband was not more than one year. Actually, he lived only two months. We therefore sustain the petitioner's contention that the valuation of the life estate, .which must be deducted from the charitable bequests, should be based upon a life expectancy of not more than one year.

The above decision is conclusive in the case at bar. At the time of the decedent's death it was known that his widow could not survive him for more than one year. She was then suffering from cancer in an inoperable and incurable form, so advanced in state as to cause her death less than five months after her husband's. The facts in existence at the time of decedent's death were such as to render it certain that Kate La Montagne Butler would not live more than one year after decedent's

death, hence the proper factor to use in computing the proper value of the remainder of the trust passing to Columbia University in this respect is .961538, which is the value of the reversionary interest of $1 at the end of one year.

The final issue for our decision involves the effect of section 17 of the Decedent Estate Law of the State of New York on the proper valuation of the charitable remainder to Columbia University.[2]

The respondent argues that the permissible one-half passing to charity under section 17 of the New York Decedent Estate Law is valued by subtracting from the gross estate of $539,358.52 the debts of the decedent and insurance payable to a named beneficiary amounting to $14,804.51 and dividing the result by two. Based upon this premise respondent contends that he did not err in thus limiting the deduction for the charitable remainder under the provisions of section 812 (d) to $262,277, which is considerably less than the amount which the charitable remainderman will receive under the Surrogate's decree.

The issue of a violation of section 17 of the New York Decedent Estate Law was raised by the special guardian for the infant grandson of the decedent, who, filing a report on May 5, 1949, set forth what he deemed to be the proper interpretation of that section. His interpretation of section 17 was opposed by the executors, who relied on an interpretation more favorable to the intent of the decedent-testator. Thereafter, conferences were held between the special guardian and the attorneys for the executors. Both parties were extremely capable and familiar with the law of New York. Finally, in compromise it was agreed by the parties in interest to the accounting proceeding that there had been a violation of section 17 of the Decedent Estate Law to the extent of $14,631.57 in excess of the permitted charitable bequests. There being a tax imposed on this sum,

[2] McKinney's Consolidated Laws of New York, Annotated, Decedent Estate Law:

§ 17. Devise or bequest to certain societies, associations, corporations or purposes.

No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more. The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent. When payment of a devise or bequest to such society, association, corporation or purpose is postponed, in computing the one-half part of such society, association, corporation or purpose, no allowance may be made for such postponement for any interest or gains or losses which may accrue after the testator's death. The value of an annuity or life estate, legal or equitable, shall not be computed upon the actual duration of the life, but shall be computed upon the actuarial value according to the American Experience Table of Mortality at the rate of four per centum per annum. Such value shall be deducted from the fund or property, which is subject to the annuity or life estate, in order to ascertain the value of a future estate or remainder interest passing to such society, association, corporation or purpose. As amended L. 1923, c. 301; L. 1927, c. 502; L. 1929, c. 229, § 3; L. 1936, c. 288; L. 1947, c. 848, § 2, eff. April 14, 1947.

plus a tax on the amount of the reduction of the charitable bequest, a computation was made to arrive at the amount which should be considered to be distributable intestate property of the decedent. The figure of $9,483.60 was deemed to be distributable intestate property, and as the result of this violation, the original decree of the Surrogate's Court was resettled by decree of the same court dated December 11, 1950, which reads in part as follows:

> And it appearing that the said executors have fully accounted for all the monies and properties of the estate which have come into their hands as such executors and the account having been adjusted by the said Surrogate and a summary statement of the same having been made and herewith recorded, and the Special Guardian having duly filed his report on behalf of his ward, it is hereby
>
> ORDERED, ADJUDGED AND DECREED that the said account be and the same is hereby judicially settled and allowed,
>
> AND IT APPEARING that the maximum amount permissible to be given to religious, charitable or educational institutions by Section 17 of the Decedent Estate Law has been exceeded, and the Special Guardian on behalf of the infant, Murray Lawrence, grandson of the deceased, having duly raised the question of such excess under said Section 17 of the Decedent Estate Law as more fully set forth in his report filed herein, * * * it is further
>
> ORDERED, ADJUDGED AND DECREED that the sum of Nine thousand four hundred eighty-three and 60/100 dollars ($9,483.60) shall pass as intestate property of the testator, and it is directed one-third of said sum shall be paid by the executors to the executors of the Estate of Kate Butler, Deceased, and two-thirds thereof, the amount payable to testator's non-resident infant grandson, Murray Lawrence, shall be paid into or deposited with the Surrogate's Court on behalf of said infant * * *.

Thus it is seen that section 17 of the Decedent Estate Law of New York has been violated at most by the sum of only $14,631.57, and further that for Federal estate tax purposes the sole effect of this violation is to increase the taxable net estate by exactly that sum.

It is fundamental that section 812 (d) of the Code requires a valid bequest, legacy, devise or transfer.[3] The respondent does not contest the validity of the bequest entitling Columbia University to the charitable remainder under discussion here. Indeed, section 17 of the Decedent Estate Law standing alone does not make any part of a charitable bequest void. Its effect has been held to make a bequest which violated its provisions voidable at the instance of one of the specified individuals

---

[3] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(d) TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.—The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation, * * *.

in the statute, that is, a surviving husband, wife, child, descendant or parent. *Millard* v. *Humphrey*, 8 F. Supp. 784, affd. 79 F. 2d 107. See also, *In re Donnelly's Estate*, 172 Misc. 107, 14 N. Y. S. 2d 700. Testamentary gifts of more than one-half are merely voidable, depending upon whether one of the individuals enumerated above chose to initiate proceedings requisite for the purpose of subverting the indicated testamentary intent of the testator. *In re Gaubert's Estate*, 164 Misc. 768, 299 N. Y. S. 619.

The effect of the respondent's argument is to make the Commissioner of Internal Revenue a proper party-plaintiff to sue for violations under section 17 of the Decedent Estate Law of New York. Of course, this is impossible. The statute fails to include the Commissioner among those enumerated as beneficiaries of its provisions.

The plain terms of section 812 (d) permit the deduction of a valid bequest to a charitable, religious, scientific, literary, or educational institution. We therefore hold that all of the requirements of section 812 (d) of the Code have been met to the extent that the value of the deductible charitable remainder herein does not include the sum of $14,631.57, which is the amount by which section 17 of the New York Decedent Estate Law was found to be violated.

*Decision will be entered under Rule. 50.*