OPINION. Kern, Judge: The parties herein disagree in their computations of the amount of the corpus of the trust provided for by article Four of decedent’s will, which is allowable as a marital deduction under section 812 (e) (1) (A) of the Internal Revenue Code of 1939.[1] The precise question upon which the parties disagree is whether and to what extent the proceeds of the annuity and insurance contracts, referred to in our findings, constitute “portions of [decedent’s] gross estate which pass to [his] wife, but do not constitute a part of [his] estate[2] at the daté of [his] death,” and as such are to be subtracted from the sum “equal to one-half (½) of the excess of the property included in [his] gross estate for the purpose of the federal estate tax over the deductions allowable * * * in the determination of the net estate for the purpose of such tax” in computing the amount of the corpus of the trust created by that paragraph. Respondent contends that the entire proceeds of the annuity and insurance contracts must be considered as having passed to decedent’s wife, while petitioner argues that under a proper construction of the will, which gives effect to the testator’s real intention, no part of or interest in the proceeds of these contracts can be considered as “portions of [his] gross estate which pass to [his] wife * * *." In our opinion the arguments of both parties on this question are without merit. It seems obvious to us, under the facts stipulated, that all of the proceeds of these contracts did not pass to decedent’s wife; and equally obvious that some part or portion of these proceeds did so pass, namely, a life interest therein. Both parties, anticipating the possibility, if not the probability, that this would be our conclusion on this issue, present alternative contentions dealing with the valuation to be placed upon this life interest. The respondent’s position is that “petitioner has failed to show that that value is less than $94,153.10. as evidenced by respondent’s actuarial tables.” Petitioner’s contention in this regard is that the uncontradicted medical testimony herein shows that on the date of decedent’s death the actual life expectancy of Agnes was not in excess of 1 year, that the application of standard mortality tables is improper in this case, and that the value of the life interest of Agnes as based upon her actual life expectancy, rather than the theoretical life expectancy shown by mortality tables, was not in excess of $10,531.29. On this issue we agree with petitioner both on the facts and the law. See Estate of John Halliday Denbigh, 7 T. C. 387; Estate of Nellie H. Jennings, 10 T. C. 323; Estate of Nicholas Murray Butler, 18 T. C. 914. Therefore, we conclude that the amount bequeathed to the trust established by article Four of decedent’s will, which is allowable as a marital deduction, is one-half of the adjusted gross estate ($554,249.33) reduced by $75,711.97, and further reduced by $10,531.29, the value of the life interests in the annuity and insurance contracts of decedent passing to Agnes at his death. Respondent also argues that since the amount distributed to the trustees, under article Four of the will was not reduced by all or any part of the proceeds of the annuity and insurance contracts and since the children of decedent “failed to contest the action of the executor in giving the mother more than she was entitled to under Article Four of the will thereby reducing their shares, such action should be considered an implied disclaimer on their part” and, therefore, “the excess that the widow received would not qualify for the marital deduction under section 812 (e) (4) (B)[3] of the Code as such property did not pass directly * * * from her husband * * * but is considered to have come from the children.” Since we have indicated above a computation of the amount bequeathed by the decedent to the trust established by article Four of his will, which is allowable as a marital deduction and which was not more than the widow was entitled to under this article, there is no longer a question of any “implied disclaimer” on the part of the children. Respondent also argues that since one of the factors necessarily considered in computing the amount of the corpus of the trust created by article Four (the proceeds of the annuity and insurance contracts with regard to which the wife had a life interest) was a terminable interest, no part of the corpus of this trust is allowable as a marital deduction, even though as to the corpus itself, after the computation has been made and the amount thereof has been properly determined, there is no terminable interest which would preclude its allowance as a marital deduction under section 812 (e) (1) (B) [4] In our opinion this argument is without validity. Decision will he entered under Rule 50. SEC. 812. NET ESTATE. For the purpose of the tax the value of the net estate shall be determined, in the ease of a citizen or resident of the United States by deducting from the value of the gross estate— ******* (e) Bequests, Etc., to Surviving Spouse.— (1) Allowance of marital deduction.— (A) In General. — An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. We construe this to mean “a part of his estate subject to administration.” SEC. 812. NET ESTATE. (e) Bequests, Etc., to Surviving Spouse.— ******* (4) Disclaimers.— ******* (B) Disclaimer'by Any Other Person. — If under this subsection an interest would, in tbe absence of a disclaimer by any person other than the surviving spouse, be considered as passing from the decedent to such person, and if a disclaimer of such interest is made by such person and as a result of such disclaimer the surviving spouse is entitled to receive such interest, then such interest shall, for the purposes of this subsection, be considered as passing, not to the surviving spouse, but to the person who made the disclaimer, in the same manner as if the disclaimer had not been made. SEC. 812. NET ESTATE. (e) Bequests, Etc., to Surviving Spouse.— (1) Allowance op marital deduction.— ******* (B) Life Estate or Other Terminable Interest. — Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest— (i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money’s worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and (ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii))— (iii). if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust. For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.