ESTATE OF THOMAS E. JONES, JR., Deceased, BY THE FIFTH THIRD BANK and INA S. JONES, CO-Executors, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Jones v. Commissioner
Docket No. 7755-75
United States Tax Court
T.C. Memo 1977-87; 1977 Tax Ct. Memo LEXIS 357; 36 T.C.M. (CCH) 380; T.C.M. (RIA) 770087; March 29, 1977, Filed William E. Rathman, for the petitioner. Andrew M. Winkler, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in the Federal estate tax due from the Estate of Thomas E. Jones, Jr., in the amount of $13,944.11. The sole issue before us is the valuation of an annuity payable to the decedent's spouse under an agreement between decedent and his employer. This case was submitted to the Court upon a full stipulation of facts (Rule 122, Tax Court Rules of Practice and Procedure) which is incorporated herein by this reference. Thomas E. Jones, Jr. (decedent), a resident of Middletown, Ohio, died testate on October 24, 1972, at the age of 47. He was survived by his wife, Ina S. Jones (Ina), and a son. Ina and The Fifth Third Bank *358 are the duly qualified and acting co-executors of the decedent's estate. At the time of filing the petition herein, The Fifth Third Bank maintained its principal office in Cincinnati, Ohio, and Ina maintained her residence in Middletown, Ohio. The Federal estate tax return for the decedent's estate was filed with the district director of internal revenue, Cincinnati, Ohio. Upon decedent's death, Ina became entitled to a monthly annuity of $1,083.33 pursuant to an agreement between decedent and his employer. Ina was 47 years of age at her husband's death. Approximately six months prior to his death, on March 23, 1972, she underwent a radical mastectomy for cancer of the right breast. The post-operative pathology report showed no evidence of metastasis. Two years later, Ina similarly showed no signs of metastatic carcinoma. The parties agree that the annuity is includable in the decedent's estate at its date-of-death value. Respondent determined that the value of the annuity should be computed pursuant to the normal annuity valuation procedure and tables set forth in section 20.2031-10, Estate Tax Regs., and therefore should be included in the gross estate at a value of *359 $155,654.78. Petitioner contends that, because of Ina's experience with cancer, Ina had a five-year life expectancy from the date of her husband's death and that the annuity should be valued at $56,250.70. The tables provide the normal basis for valuing annuities, but it has long been recognized that they should not be applied where the result would be unreasonable. E.g., Continental Ill. Nat. B. & T. Co. of Chicago v. United States,504 F.2d 586 (7th Cir. 1974); Estate of Nellie H. Jennings,10 T.C. 323 (1948). The burden of proof is on the petitioner to show that the application of those tables herein would produce such a result. Miami Beach First National Bank v. United States,443 F. 2d 116, 120 (5th Cir. 1971); Rule 142, Tax Court Rules of Practice and Procedure. We hold that petitioner has not sustained that burden. What evidence there is shows that immediately following surgery there was no evidence of cancer; that two years later there was no indication of any recurrent or residual malignancy; that on February 12, 1974, Ina's doctor stated in a letter that "[there] is a possibility that she will not survive five *360 years following her surgery"; that in a letter dated May 20, 1974, the doctor stated that he considered "her problem a surgical success as of this moment" and that his professional opinion was "that she is probably cured," although he cited some qualifying conclusory statistics with respect to persons who had undergone similar surgery; and that a Xeromammography report dated February 28, 1975 showed a marked mammary dysplasia and calcifications of the breast which are "most frequently those seen in sclerosing adenosis" and "occasionally * * * in carcinoma." Such evidence is simply not enough. If anything, it indicates that Ina's chances of living a normal life span were substantial. In any event, it does not constitute that degree of testimonial confirmation that Ina's life expectancy was only five years, such as was present in the cases relied upon by petitioner. Estate of John P. Hoelzel,28 T.C. 384 (1957); HuntingtonNational Bank,13 T.C. 760 (1949); Estate of Nellie H. Jennings,supra;Estate of John Halliday Denbigh,7 T.C. 387 (1946); Estate of T. G. Hendrick, a Memorandum Opinion of this Court *361 dated July 7, 1950. [1] Beyond this all of these cases involved situations where the person whose life expectancy was in issue was figuratively, if not literally, inextremis. See also Estate of Nicholas M. Butler,18 T.C. 914 (1952); Estate of James W. Douglas, a Memorandum of this Court dated Mar. 31, 1953; Rev. Rul. 66-307, 1966-2 C.B. 429. Compare Continental Ill. Nat. B. & T. Co. of Chicago v. United States,supra;Chauncey Stillman,T.C. Memo. 1965-94. Petitioner seeks to satisfy the degree of proof required by the decided cases by pointing to statistics showing survival rates for women with breast cancer over five, ten, and twenty-year periods. Without expressing any opinion as to the relevancy in general of such statistics, we conclude *362 that they have no probative effect in the context of this case. The most that can be gleaned from them is an expression in percentage terms of a median life span in a sample population from the date of diagnosis and treatment. Such statistics do no more than show the obvious, namely, that survival rates of various population subgroups are bound to differ. The median they reveal is not a substitute for proof of the actual life expectancy of a particular individual under a particular set of circumstances and it is that expectancy which is at issue herein. See Estate of Gloria A. Lion,52 T.C. 601, 606 (1969), affd. 438 F. 2d 56 (4th Cir. 1971). The long and the short of this case is that it is not "unmistakable to one in possession of the facts that [Ina's] life would be radically shorter than predicted in the actuarial tables." See Estate of Lion v. Commissioner,438 F. 2d 56, 62 (4th Cir. 1971). Consequently, respondent's determination is sustained. To permit computation for attorneys' fees, Decision will be entered under Rule 155. Footnotes
1. Compare Dalton v. Campbell, an unreported case ( S.D. Ind. 1956, 52 AFTR 1919↩, 56-2 USTC par. 11,621), where the court relied on an annuitant's actual life expectancy, which was determined to be 10 years, in valuing her annuity under her husband's employment contract. The court's findings of fact are skeletal, offering no guidance herein.