G-REene, J.,
delivered tlie opinion of tlie court.
The only question in tbis case is, whether the complainants, children of ■ Mary Caroline' Sevier, take a remainder interest in certain negroes, which they claim under the following clause of the will of their grandfather, Thomas Brown: “To my wife I give all my household furniture and farming tools of every description, and the one half of all my stock of every description not disposed of; and I give her the following negroes, to wit: Manuel and his wife, Nancy, Big Phil, Samuel and Nancy, his wife, boy Henry Clay, Malinda and child Winston, and after her death, if not disposed of by her, after her death to go to the children of Mary Caroline Sevier (after her death,) and the use and benefit of my man Handy during her life, with the use and benefit of my land and ferry her lifetime, and Arch and wife.”
We think it clear that an unlimited power of disposition is confered on Mrs. Brown by this clause. In the first place, the testator gives these negroes and other property by general unrestricted words, and the gift of the remainder to the complainants, is then made to depend upon the contingency that the property shall not be disposed of by his wife. This shows, that so far from having an intention, by the creation of a remainder, to limit the estate first given to his wife, he expressly excludes such an interpretation by declaring *116 that this remainder is to take effect, if tbe estate “is not disposed of by her.”
The remainder thus created, to depend upon the non-disposition of an estate by the first taker, who has an unlimited right, and power of disposition, is void.
The case of Smith vs. Bell, as decided by this court, (Mart. & Yerg. Rep., --) has been uniformly followed in many cases which need not be referred to, rather than the judgment of the supreme court of the IJ. S. in the same case in 6 Peter’s R.
Any argument in favor of the rule of decision adopted by this court, would be superfluous.
Affirm the decree.