WILLIAMS *v.* COLDWELL *et al.**

DOWELL *v.* TERRY *et al.*

(*Nashville*, December Term, 1936.)

Opinion filed June 17, 1937.

*This case reprinted and annotated in 114 A. L. R., 941.

Worth Bryant, of Cookeville, and Roberts & Roberts, of Nashville, for Terry heirs.

P. J. Anderson, of Gainesboro, and H. B. McGinness, of Carthage, for R. H. Dowell.

B. C. Butler, of Gainesboro, for Holleman heirs.

L. G. Strode, of Gainesboro, for J. A. Williams, administrator.

Mr. Justice DeHaven delivered the opinion of the Court.

Roland Terry, a resident of Jackson county, Tenn., on August 9, 1898, at the age of seventy-seven years, executed his last will and testament. He died in June, 1899, leaving surviving him his widow, Sarah Ann Terry, about fifty-one years of age. No children were born of the marriage. The widow died in June, 1931, at the age of eighty-two years.

J. A. Williams, administrator of the estate of Sarah Ann Terry, deceased, filed the original bill herein for construction of the will of Roland Terry, and for instructions regarding the disposition of the estate left by Sarah Ann Terry. The heirs at law of both Roland Terry and Sarah Ann Terry were made parties defendant to the bill. The question presented was whether the will of Roland Terry passed to his widow an absolute estate in fee, or a life estate only. The chancellor decreed that the widow took an estate in fee. On appeal to this court, in an opinion by Mr. Justice Chambliss,[1] it was held that the widow took an estate for life only. The decree of the chancellor was reversed and the cause remanded for further proceedings.

Subsequent to the remand of the cause, R. H. Dowell, not a party to the original proceedings, filed his petition in the cause and averred in substance, among other things, that upon what he considered to be proper legal advice, and in good faith, he purchased from Sarah Ann Terry certain of the landed estate of Roland Terry, deceased, and paid her $28,000 therefor. His first purchase was a tract of 125 acres, on March 1, 1918, for which he paid $10,000, and his second purchase was a

[1] No opinion for publication.

tract of 134 acres, on February 8, 1921, for which he paid $18,000. Sarah Ann Terry conveyed these tracts of land to R. H. Dowell, in fee, by general warranty deed, which were duly registered.

In his original petition, R. H. Dowell insists, first, that he acquired a title in fee simple to these two tracts of land by virtue of his two deeds from Sarah Ann Terry; and, second, that J. A. Williams, as administrator of the estate of Sarah Ann Terry, deceased, has a large fund in his hands, and that since she warranted the title to these lands to him by said two deeds, if his title fails, he is entitled to be compensated out of her estate in the hands of the administrator. By an amended petition, R. H. Dowell made Benton Terry, administrator with the will annexed of Roland Terry, deceased, a party defendant, so as to obtain, under sections 8835 *et seq.* of the Code, a declaration by the court adjudging and settling the rights of all the parties in so far as they affect the right of petitioner under his said two deeds and the will of Roland Terry. He charged that the decree of the Supreme Court construing said will did not embrace or include the precise question of the right or authority of Sarah Ann Terry to convey absolute title to said lands under the provisions of the will of Roland Terry.

The cause coming on to be heard by the chancellor upon the petition and amended petition, and demurrers and answers thereto, and stipulation of facts, it was held and decreed that R. H. Dowell took a valid title, in fee, to the lands in question. From this decree the defendant heirs at law of Roland Terry have appealed to this court and assigned errors.

The will of Roland Terry, as rearranged by the court on the former appeal, is as follows:

"I the undersigned, Roland Terry, of the County of Jackson, State of Tennessee, make and publish this my last will and testament.

"Excepting the special legacies hereinafter named, I give, desire (devise) and bequeath to my wife, Sarah Ann Terry, all of the property of whatever nature of which I may die seized and possessed, after all my just debts shall have been paid, (said property now comprises the farm on which we reside in said County and State, near the town of Granville, in the 5th civil district of said county, etc., also one town lot in said town of Granville, formerly owned by Elizabeth and Susan Holleman, and my one-half interest in the steam mill lot in said town, etc., now belonging to Henderson Apple and myself, whatever amount of cash money notes, accounts, judgments, or other evidences of debt, or assets, of which I may die seized or possessed; with all live stock, cattle, horses, hogs, sheep, etc., all tools, implements, machinery, furniture, and any and all other property and effect of whatever nature, character or kind,) to her full and free use and benefit, during her natural life, with all profits, interest and gains arising and accruing on said property.

"The said Sarah Ann my wife shall have the full and free and unlimited control and management of all of said property after my death, the same having first been inventoried by my Executor, except the household and kitchen furniture, tools, implements, wagons, buggy and gear, and other minor articles about the house or place, including wearing apparel, fowls, etc., etc., of which no account is to be taken by my Executor, during the lifetime of my said wife. . . .

"Now, if at the death of my wife, the said Sarah Ann,

there shall be anything left of my property, then I de-
sire that two-thirds of the same shall be equally divided
between my brother, the said Wm. Jasper Terry, or his
heirs, as the case may be, the children of my deceased
brother, James Washington Terry, my sister, Malinda,
the widow of Calvin Terry, decd, or his children, and
Polly Harpool, my sister, the wife of Wm. H. Harpool,
of Texas, or her children.

"The other one-third of said property I give to Mrs.
C. Jane Holleman, sister of my said wife, or to her bod-
ily heirs, as the case may be.

"Should any of said property be in real estate at the
death of my said wife, the same is to be sold and the
proceeds divided as stated.

"Further I do nominate and appoint David J. Shep-
ard to be the Executor of this my last will and testa-
ment.

"The total amount of the special legacies named shall
be added to the amount of the estate after the death of
my wife and one-third of the amount thus obtained goes
to C. J. Holleman, and the balance to be divided as stated
above, so that my people get two-thirds of all the prop-
erty distributed, and my wifes people get one-third of
same, insofar as I am responsible for the distribution
and management of the same."

This court stated in its opinion on the former appeal
that "The question presented is whether the will of Ro-
land Terry passed to his widow, (1) an absolute estate
in fee, or (2) a life estate only." By referring to the
opinion of the court it will be noted that the court held
that the widow, Sarah Ann Terry, took a life estate in
the property in question. It was held that the expres-
sions set out in the will, (1) "now if at the death of my

wife, the said Sarah Ann, there shall be anything left of my property,'' (2) ''should any of said property be in real estate at the death of my said wife,'' and (3) ''insofar as I am responsible for the distribution and management of the same,'' may be reconciled with the primary purpose, plainly expressed, to vest a life estate only in the widow. The court held that there was not an ''unlimited'' power of disposition in the widow, and hence the fee in the property was not vested in the widow, the first taker, so as to bring the case within the rule as stated in *Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696, and other similar cases. As to the above and other expressions in the will, the court said:

''They imply no more than a recognition of a right in the wife similar to that considered in *Emert* v. *Blair,* 121 Tenn., 240, 118 S. W., 685, for example wherein it was held that a devise of a life estate was not enlarged into a fee by subsequent provisions conferring upon her powers of sale for conversion or for her own use. Our cases *(Bradley* v. *Carnes,* 94 Tenn., 27, 27 S. W., 1007, 45 Am. St. Rep., 696, *Meacham* v. *Graham,* 98 Tenn., 190, 39 S. W., 12, and others) holding that, if the first taker is given an estate in fee or for life, coupled with an unlimited power of disposition, the fee or absolute estate vests in the first taker, and the limitation over is void, were distinguished. As in that case, so in this, we find no 'unlimited' power of distribution, such power of disposition as appears at all, being only by implication, and consistent with an intention that the wife might dispose of portions or even all of the property in payment of debts, or for her use and support.''

The question on the former appeal was whether,

by implication, the widow was given such unlimited power of disposition as would vest in her a fee and render the limitation over void. It is insisted for appellants that the same question is again presented to the court on the petition of R. H. Dowell. We cannot agree with this contention. The question now presented is whether the widow, as life tenant, had the power, under the will, to sell and convey the lands in question, in fee, to Dowell.

It is provided in the will: (1) "The said Sarah Ann my wife shall have the full and free and unlimited control and management of all of said property after my death," (2) "Now if at the death of my wife, the said Sarah Ann, there shall be anything left of my property," and (3) "Should any of said property be in real estate at the death of my said wife." These expressions, we think, must be construed as giving the widow, as life tenant, a limited power of disposition by implication.

It was clearly the intention of the testator to provide for the support and maintenance of his wife. He devised and bequeathed to her all of his property of whatever nature of which he might die possessed "to her full use and benefit during her natural life." He gave her the "full and free and unlimited control and management of all of said property" after his death. As if anticipating the *corpus,* or a portion of it at least, must be consumed by her in her support and maintenance, he gave only what might be left of his property, at her death, in remainder. Anticipating that she might sell some or all of the real estate, either for her support and maintenance, or in the exercise of the full and free and unlimited control and management of his property, he provided: "Should any of said property be in real es-

tate at the death of my said wife, the same is to be sold and the proceeds divided as stated."

Appellants, as remaindermen, acquired no interest under the will, except in that portion of the estate of the testator which might be left at the death of his widow. He contemplated that nothing might be left, for his language is, "if . . . there shall be anything left of my property, then I desire that two-thirds of the same shall be equally divided (between the Terry heirs). The other one-third of said property I give to Mrs. C. Jane Holleman, sister of my said wife, or to her bodily heirs, as the case may be." Construing the will as a whole and giving effect to all of its provisions, as is required, the conclusion is inescapable that Sarah Ann Terry, as life tenant, was vested with a limited power of disposition.

In Page on Wills, section 695, it is stated:

"A power of sale of the remainder may be given to one to whom a life estate in the property, covered by the power, is devised. This power may be given expressly. Such a power may also be implied from a gift to one for life, and a gift over of the unexpended portion at the death of the life tenant to another."

In *Waller* v. *Sproles*, 160 Tenn., 11, 18, 22 S. W. (2d), 4, 6, the court said:

"In most of the states, a life estate is not raised to a fee by the added power of disposal in the life tenant, but the estate given the first taker is a life estate coupled with added power of disposition. The rule in this state is otherwise, and has become a rule of property. *McGavock* v. *Pugsley*, 59 Tenn. (12 Heisk.), [689] 690."

It was pointed out, however, in *Waller* v. *Sproles*, that the rule is so limited that when the power of disposition is restricted, limited, or contingent, the life es-

tate is not to be raised to a fee in the first taker. Such was the holding of this court on the former appeal in construing the will here involved.

Where limited power of sale is conferred on the life tenant by the will, it cannot be supposed that a sale made in the exercise of the power would be void. It is apparent that when the power of disposition is exercised by the life tenant within the restriction, limitation, or contingency imposed, that the vendee of the life tenant would take a valid title to the property so conveyed.

Sarah Ann Terry was given all of the property of the testator "to her full and free use and benefit during her natural life." If, on her death, anything was left of the estate, it was to be divided as indicated in the will. Her use of the *corpus* of the estate was not limited to a case of necessity. However, if it had been so limited, her decision of the question would have been conclusive in the absence of fraud. In *Matthews* v. *Capshaw,* 109 Tenn., 480, 72 S. W., 964, 966, 97 Am. St. Rep., 854, the testator left his property to his wife for life with power of sale "in case of necessity." She sold certain lots and conveyed the title thereto in fee by deed. The remaindermen sought to have this deed canceled. The court held that in cases of this character the decision of the donee of the power is conclusive of the question of necessity, and a sale made in pursuance of the power, in good faith or without notice to innocent purchaser, will not be set aside, although it may afterwards appear that the judgment of the donee was erroneous, for the exercise of such judgment and discretion in good faith and without fraud or collusion is not subject to review by the courts. The court said:

". . . and, if Mrs. Matthews' determination of the

existence of the necessity for the sale was not conclusive, the power would be .abortive and futile, for no one would purchase the property if any one of those interested, long afterwards, as is here attempted, could have the matter opened, and her judgment as to the necessity of a sale reviewed and possibly held erroneous, and thus the construction contended for would defeat and destroy the power itself."

The above case was cited with approval in *Cross* v. *Lumber Co.*, 139 Tenn., 79, 201 S. W., 141, Ann. Cas. 1918D, 983. See, also, annotation of authorities on this particular question, Necessity of Sale, beginning at page 1261 of 2 A. L. R., where the general principle is laid down that whether a sale is necessary to the support of the life tenant is generally considered as committed to his discretion.

No question of fraud is raised with reference to the sale of the land here in question by Sarah Ann Terry to R. H. Dowell. It is expressly stipulated that Dowell paid the reasonable value of the lands. He purchased under what he considered proper legal advice and in good faith.

We do not consider the proof offered by appellants on the question of the necessity of the sale of the land competent under our cases, in the absence of allegations of fraud; but if it were competent, the fact that the executor's accounts show credits aggregating $8,772 received by the widow during the years 1899 and 1900, would not establish that she had these credits on hand, in whole or in part, twenty years later when she sold the two tracts of land to Dowell. Furthermore, it does not appear what portion of these credits were cash or represented personal property turned over to her.

After the death of the testator, the widow made donations to the various members of his family, as shown by checks exhibited.

Our conclusions are that the power of disposition conferred by the will upon Sarah Ann Terry was a limited power, in that the real estate could be sold only for consumption of proceeds of sale by her, as for conversion into personalty for the more convenient or desirable use and enjoyment by her of her life estate, without enlargement of her life estate in the property; that she held the proceeds of sale in trust for the ultimate beneficiaries, subject to her own use thereof under the terms of the will; that R. H. Dowell took a valid title, in fee, to the lands in question by virtue of the two deeds executed by Sarah Ann Terry conveying the same to him.

We have carefully considered the assignments of error made by appellants and are constrained to overrule the same. The result is that the decree of the chancellor must be affirmed.

Appellants will pay all the costs of the appeal.