JONES v. McMURREY et al.—150 S. W. (2d) 713.

Middle Section. January 25, 1941.

Petition for Certiorari Denied by Supreme Court, May 17, 1941.

Gates & Gates, of Lewisburg, for appellants.
Thurman Thompson, of Lewisburg, for appellee.

FELTS, J. This is a suit for construction of a will. J. C. Mc-Murrey died March 31, 1931. By his will he gave his wife, Anna, all his property "to be used as she see fit, as long as she lives," and what remained at her death he gave equally to four, James E. Neil, a boy he had reared, and his three brothers, Thomas, Milton and John. His property consisted of a small amount of personalty and a farm of about 83 acres in Marshall County, Tennessee. His widow has since married J. M. Jones. His brother, John McMurrey, has since died intestate, leaving five children, Wade McMurrey, Howard McMurrey, Thelma Griffin, Louise Lee, and Laura Jackson. James E. Neil has conveyed his interest in the remainder to. Joe Frank Walker.

The widow, now Anna McMurrey Jones, filed the bill herein against all the others above named, seeking a construction of the will. She alleged it vested in her a life estate, coupled with an unlimited power of disposition, the gift over was void, and she took a fee simple estate in all the property. Judgment pro confesso was entered against all defendants except Thelma Griffin, Louise Lee and Joe Frank Walker. Thelma Griffin and Louise Lee filed an answer and cross-bill, averring the will gave complainant only a life estate and a vested remainder to the others, and praying a sale of the land, subject to her life estate therein, for partition among the remaindermen.

Joe Frank Walker answered the bill and the cross-bill, setting up his rights as purchaser of the interest of James E. Neil.

The Chancellor sustained complainant's contention, decreed that the will vested in her a life estate, coupled with an unlimited power of disposition, which was raised to a fee simple estate in all the property, and the limitation over was void; and he dismissed the cross-bill.

Thelma Griffin and Louise Lee appealed. They insist that the Chancellor should have decreed that complainant had only a life estate and defendants a vested remainder, and should have ordered a sale of the land, subject to her life estate, for partition under appellants' cross-bill.

██ Our task is to put ourselves in the place of the testator, read what he has written, and gather therefrom his intention in disposing of his property. All rules of construction are but aids to this end. Hoggatt v. Clopton, 142 Tenn., 184, 192, 217 S. W., 657; Fidelity Trust Co. v. Service Laundry Co., 160 Tenn., 57, 66, 22 S. W. (2d), 6. The will contains four paragraphs. Omitting the first, which provided for payment of testator's debts and placing monument at his grave, the other three are as follows:

"Seconly—I give to my wife Annie McMurrey, all my property both personalty and real that I have at my death to be used as she see fit, as long as she lives. (but I advise that the money be loaned with two security and none of it loned to anny myne and her' Kinsfolk.)

"Thirdly—at the death of my wife Annie McMurrey, what property left both real and personal I give eaqually to James Neil McMurrey (the boy I rassed) and my three Brothers, Thom McMurrey, Milton McMurrey, John McMurrey. They receiving ¼ each all property.

"Lastly—I do hereby appoint and nominate E. E. Wilson my executor give him the power to sell or divide the real estate and give deed to same so to carry thise gifts out to the best for all parties. I dret the exetor sell personal property at once, that wife does not wat to keep."

██ The testator thus expressed an intent to make two gifts, (1) to give all his property to his wife "to be used as she see fit, an long as she lives," and (2) to give what property should be left at her death equally to the four named; and he empowered his executor to carry out these gifts. It is clear if he had intended his wife should take the entire estate in all the property absolutely to the exclusion of the others named, he would have made no gift over to them at all. But it is equally clear he did intend she should take all the property "to be used as she see fit, as long as she lives." Does this right in her to all the property "to be used as she see fit, as long as she lives," include also an unlimited power to dispose of it and defeat the gift over? Or it is only a right to take the rents, income and corpus for

her personal use during her lifetime and thus to consume all of it, if necessary, for her maintenance and support? We think the intent of the testator was that she should have the right to use all the property, the rents, income and the corpus, for her support and maintenance during her life, and if at her death any of it was left it should go to the remaindermen. That is to say, the will vested in her a life estate, coupled with the power to dispose of all the property only if and when she might find it necessary for her personal use. Such a limited or qualified power of disposition did not enlarge the life estate into a fee simple. Mauk v. Irwin, 175 Tenn., 443, 135 S. W. (2d), 922; Williams v. Coldwell et al., 172 Tenn., 214, 111 S. W. (2d), 367, 114 A. L. R., 941; Magevney v. Karsch, 167 Tenn., 32, 54, 65 S. W. (2d), 562, 569, 92 L. L. A., 343, 356. Nevertheless, the devisees of the gift over did not take a vested remainder; for the first taken, acting within this limited or qualified power of disposition, may dispose of all the property, pass a good title to the purchaser and thus defeat the gift over. The remaindermen acquired no interest under the will, except in that portion of the estate which might be left undisposed of by the first taken at her death. Whether a sale shall be necessary for her maintenance and support is committed to her discretion; and if, without fraud, she should hereafter sell the property for her maintenance and support, the purchaser would get a good title and the gift over would be defeated. Williams v. Coldwell, 172 Tenn., 214, 111 S. W. (2d), 367, 114 A. L. R., 941, 946, annotated.

So whether the devisees of the gift over will take anything depends upon future events which cannot now be anticipated. So much of the Chancellor's decree as adjudged that complainant took a fee simple estate and that the limitation over was void, is reversed, and a decree will be entered here in accordance with this opinion. Complainant will pay the costs of the appeal.

Faw, P. J., and Crownover, J., concur.