ESTATE OF E. W. NOBLE, EMILY SUE NOBLE, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67271. Filed January 28, 1959.

*James Mullen, Esq.*, for the petitioner.
*Arch M. Cantrall, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $9,706.53 in estate tax. The only issue for decision is whether the widow's right under the provision in the decedent's will allowing her, in her discretion, to use the corpus of his residuary estate for her maintenance, support, and comfort is limited by an ascertainable standard and, therefore, cannot qualify under section 812(e)(1)(F) as an ex-

ception to the terminable interest rule of section 812(e)(1)(B) and the residuary estate cannot be included in the marital deduction. The facts have been presented by a stipulation which is adopted as the findings of fact.

The decedent resided in Virginia at the time of his death on May 31, 1953. He was then 64. He was survived by his widow, Emily Sue Noble, then aged 54. The estate tax return was filed with the director of internal revenue for the district of Virginia.

Noble's will, duly probated, provided in paragraph Third that his residuary estate was to be placed in trust and the net income paid to Emily for life, with remainder to his three children in equal shares. That paragraph also provided:

Should at any time my said wife, Emily Sue Noble, deem it necessary or expedient in her discretion to use any of the corpus of this Residuary Estate for her maintenance, support and comfort, then my hereinafter named Trustee shall pay over to the said Emily Sue Noble, personally, such part of the Residuary Estate as she may direct, and in event of her exercise of such power and authority, she shall not be accountable or chargeable for the use or disposal of such corpus.

The Commissioner, in determining the deficiency, eliminated $38,344.19 of the amount claimed as a marital deduction and explained:

| | Returned | Determined |
|---|---|---|
| (M-9) Bequests, etc. to surviving spouse | $133,712.99 | $95,368.80 |

The marital deduction of $133,712.99 claimed on the return has been decreased to $95,368.80 due to adjustments shown herein, and the deletion from the marital deduction [of] the residuary bequest in the Third Clause of the decedent's will which is a terminable interest within the meaning of Section 812(e)(1)(B) of the Internal Revenue Code, and fails to qualify under Section 812(e)(1)(F) of the Internal Revenue Code. See Exhibit A for computation of the marital deduction.

The statutory provision giving rise to the claim for the marital deduction is section 812(e)(1)(F). It provides for a marital deduction where the interest has passed from the decedent in trust, only—

if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, * * * with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse— * * * if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

The Commissioner recognizes here, as he has in prior cases, that if the surviving spouse had an unlimited power to invade the corpus she would have a power to appoint free of the trust within the meaning of this statute. See *Estate of Theodore Geddings Tarver*, 26 T.C. 490, 503, affirmed this issue (C.A. 4) 255 F. 2d 913; *Estate of Frank E.*

*Tingley*, 22 T.C. 402, affd. (C.A. 1) 223 F. 2d 163. The petitioner must show that her right, when she deems it "necessary or expedient in her discretion to use any of the corpus of this Residuary Estate for her maintenance, support and comfort" is a right to appoint the entire corpus to herself as an unqualified owner, or is an "unlimited power to invade." The right or power must be exercisable "in all events." Sec. 81.47(a), Regs. 105; S. Rept. No. 1013, Part II, 80th Cong., 2d Sess., p. 16 *et seq.* (1948).

Regulations 105, section 81.24(a)(3), deal with the inclusion in a gross estate of property subject to powers of appointment. It relates the problem of whether there is an "unlimited power to invade" to the question of whether a bequest to charity can be valued where it is the remainder after a life estate to a surviving spouse in which corpus can be invaded for certain purposes and the ultimate question is whether the right to invade is limited by some measurable or fixed standard. This latter problem was discussed as follows in *Estate of Edwin E. Jack*, 6 T.C. 241:

The question is whether that direction [to make payments to the life tenant for "comfort and support"] provides a fixed standard capable of being stated in terms of money. We think it does. It is true that the instrument before us does not expressly limit the standard to "as much comfort as she now enjoys," as did the instrument in the *Ithaca Trust Co.* case, *supra*, [279 U.S. 151] but, nevertheless, the words used limit the discretion of the trustees as effectively as if there had been an express limitation in the instrument itself. With due regard to changes in cost, the power is intended only to secure to the beneficiary the kind of living to which she was accustomed as if interpolating into the will here considered the words expressly used in the will under consideration in the *Ithaca* case, *supra*. *Hartford-Connecticut Trust Co.* v. *Eaton*, 36 Fed. (2d) 710. As pointed out by Judge L. Hand in the *Hartford-Connecticut Trust Co.* case, "while there was, of course, some latitude of choice with which the remaindermen could not interfere, the trustee was limited to the support of the widow according to her 'station in life'; that is, according to her wont."

A number of the Circuit Courts of Appeals and this Court have had occasion, before and after the Supreme Court handed down its decision in the *Merchants Nat. Bank of Boston* case, *supra*, to consider the legal effect of comparable directions and have held that the words provided a fixed standard capable of measurement. The following cases are illustrative: "Proper comfort and support," *First Nat. Bank of Birmingham* v. *Snead*, 24 Fed. (2d) 186; "Comfortable maintenance and support," *Hartford-Connecticut Trust Co.* v. *Eaton*, *supra*; "Comfort, maintenance and support," *Lucas* v. *Mercantile Trust Co.*, 43 Fed. (2d) 39; "Comfort and support," *Boston Safe Deposit & Trust Co. et al., Executors*, 21 B.T.A. 394; more recently, "Care, maintenance and support," *Estate of Horace G. Wetherill*, 4 T.C. 678; appeal dismissed, 150 Fed. (2d) 1019, and see the directions to trustees in *Commissioner* v. *Robertson's Estate*, 141 Fed. (2d) 855, and *Commissioner* v. *Wells Fargo Bank & Union Trust Co.*, 145 Fed. (2d) 130. When a widow has taken property under the will of her husband, "to be used and enjoyed by her for her comfort and support during her lifetime," the courts of Massachusetts have held that she took a life estate only, with limited power of disposal so far as necessary for her personal comfort and well being, but for

no other purpose. Her receipts and disbursements were subject to approval by the probate court. *Allen v. Hunt*, 213 Mass. 276; 100 N.E. 552, and cases cited therein.

See also *Merchants Bank v. Commissioner*, 320 U.S. 256; *Estate of Nathan P. Cutler, Jr.*, 5 T.C. 1304; *Estate of Lucius H. Elmer*, 6 T.C. 944; *Estate of Anna Finley Kenny*, 11 T.C. 857; *Blodget v. Delaney*, 201 F. 2d 589.

The law of Virginia does not help the cause of the petitioner. The ultimate question is to determine what the decedent intended. He intended by paragraph Third that something be left for his children after Emily's death. That was the only provision in his will for his children, who apparently were children of a prior wife, but he had provided elsewhere in the will that one-third of his personal property should go absolutely to Emily. There is a presumption in Virginia against disinheritance of heirs. *Jones v. Brown*, 151 Va. 622, 144 S.E. 620, 622. Emily did not have such a general power over the corpus as to cause that corpus to be included in her estate for estate tax purposes, cf. *Estate of Raymond Parks Wheeler*, 26 T.C. 466; *Estate of Delia Crawford McGehee*, 28 T.C. 412, affd. (C.A. 5) 260 F. 2d 818, and nothing comes to the decedent's children through Emily. Cf. *Rogers Estate v. Helvering*, 320 U.S. 410; *Helvering v. Grinnell*, 294 U.S. 153.

We conclude that the power of Emily to invade corpus in this case is a limited one and is not a power to appoint the entire corpus of the trust within the meaning of section 812(e)(1)(F). *Estate of Theodore Geddings Tarver, supra.*

*Decision will be entered for the respondent.*