ESTATE OF ELWOOD COMER, DECEASED, JOSEPH E. COMER, ADMINISTRATOR DE BONIS NON WITH THE WILL ANNEXED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65301. Filed March 25, 1959.

*Clarence H. Hallman, Esq.*, for the petitioner.
*David M. Robinson, Esq.*, for the respondent.

## OPINION.

TIETJENS, *Judge:* This proceeding involves a deficiency in Federal estate tax of $29,316.61 determined against the Estate of Elwood Comer.

The issues for decision concern two testamentary transfers made by decedent, and whether they qualify for the marital deduction provided by section 812(e) of the 1939 Internal Revenue Code.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Elwood Comer (hereafter referred to as the decedent), a resident of Cincinnati, Ohio, died September 28, 1952. His wife, Catherine Comer, was duly qualified and appointed executrix of his estate. His Federal estate tax return was filed with the district director of internal revenue at Cincinnati, Ohio.

Catherine Comer died in 1957, and the present administrator was substituted in her place by order of this Court.

Decedent's last will and testament provided in part as follows:

ITEM 5: It is my will, and I hereby direct that my business located at 3617 Clarion Avenue, Cincinnati, Ohio, and the real estate upon which it is conducted, shall be operated by Joseph Andrews, he to have full charge thereof, and his determination in all matters with reference thereto to be final, for and during the life of my beloved wife, Catherine Comer; the said Joseph Andrews in addition to his regular salary shall receive one-third of the annual net income thereof, and the other two-thirds of the annual net income to become part of the corpus of my estate.

Upon the death of my beloved wife, it is my will that said business be conducted by the said Joseph Andrews so long as he shall be physically able to continue the same, and in addition to his salary said above part of the net proceeds shall continue to be paid to him during the operation of said business by him.

Upon the death of said Joseph Andrews, if he shall predecease my beloved wife, said business shall be liquidated or continued by my beloved wife as she may see fit; and upon the death of both my said beloved wife and Joseph Andrews, I give, devise and bequeath said business, together with the real estate upon which it is located, to my beloved son, Joseph Edward Comer, to be his absolutely and in fee simple.

Item 6: All the rest and residue of my property, real, personal and mixed, of whatever nature, and wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath unto Catherine Comer, my beloved wife, in trust, nevertheless, for the following uses and purposes:

The income from all the rest and residue of my estate, wheresoever situated, after the payment of any and all expenses of my said trust, my said trustee, Catherine Comer, shall pay to my beloved wife, Catherine Comer, for and during the term of her natural life, to be hers absolutely.

Upon the death of my beloved wife, Catherine Comer, the net income therefrom shall be paid in twelve monthly installments each year to my beloved son, Joseph Edward Comer, for and during the term of his natural life.

Upon the death of my beloved son, Joseph Edward Comer, I direct that the income of my said estate shall be paid to his child or children, per stirpes, share and share alike, until the youngest of said children shall attain the age of thirty years, and at that time the principal of my said estate shall be distributed to his child or children, per stirpes, share and share alike.

My trustee shall have the right to withdraw installments of principal and pay them over to Catherine Comer, my beloved wife, from time to time for her maintenance, comfort and general welfare, the necessity and propriety of such withdrawals, and the amounts thereof shall be determined by Catherine Comer as Trustee, and her determination shall be final.

My said trustee shall receive, hold and manage all of said property as a trust fund, with full power to retain, sell, transfer or lease, forever or a day, and exchange all or any part of said property as though the absolute owner thereof, and shall collect, receive and recover rents, issues, income and profits thereof. My trustee is granted full power to invest and reinvest money coming into her possession in such loans, stocks, bonds, securities, and real estate as she may deem proper and suitable for the investment of trust funds, without being restricted to a class of investments which a trustee is or may be permitted by law to make.

After decedent's death, his business was conducted by Joseph Andrews as directed. On August 31, 1954, Andrews died, and decedent's wife elected to continue the business with her son, Joseph Comer.

On the return filed for decedent's estate, a marital deduction in the amount of $127,885.75 was claimed, which represented one-half the reported adjusted gross estate. The residuary trust, provided for in Item 6 of decedent's will, was valued on that return at $119,370.63, the estate having elected to value all property includible therein as of the optional valuation date.

Respondent determined that the residuary trust did not qualify for the marital deduction, and accordingly recomputed the amount of that deduction, including therein some items not claimed on the return.

Decedent's estate, by amended petition filed herein, claimed that his business, and all the property pertaining thereto, which was the subject of Item 5 of his will, qualified for the marital deduction.

The first issue is whether the interest created by Item 6 of decedent's will qualifies for the marital deduction under section 812(e) of the 1939 Code as amended by the Technical Amendments Act of 1958 (Pub. L. 85–866, 72 Stat. 1606).[1]

Petitioner's position is that this interest qualifies under subparagraph (F) of that section as an exception to the terminable interest rule provided by subparagraph (B), inasmuch as Catherine was to receive all the trust income for life, and had the discretionary right to withdraw principal for "her maintenance, comfort and general welfare." It is contended that this right to consume constituted a power of appointment over the property within the meaning of subparagraph (F).

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving sponse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii).).—

(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

\* \* \* \* \* \* \*

(F) Life Estate With Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse.

This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

It is clear, that should the surviving spouse's right to withdraw installments of principal be construed to be equivalent to an unlimited power of invasion, she is the possessor of a power of appointment within the cited subparagraph of the Code. *Estate of E. W. Noble,* 31 T.C. 888 (1959); *Estate of Theodore Geddings Tarver,* 26 T.C. 490 (1956), affirmed on this issue 255 F. 2d 913 (C.A. 4, 1958). Though these cases involved situations arising under section 812(e) (1)(F) prior to its amendment by section 93 of the Technical Amendments Act of 1958, *supra,* neither the wording of that statute, nor its legislative history,[2] indicate any change was intended in what constituted a power of appointment for the purposes of this subparagraph. Whether or not the particular interest created by Item 6 of decedent's will in Catherine was the same as an unlimited power of invasion during her lifetime is to be decided pursuant to the laws of Ohio. *Estate of William C. Allen,* 29 T.C. 465; *Morgan v. Commissioner,* 309 U.S. 78 (1940).

We have carefully considered the provisions of Item 6 of decedent's will, and, in the light of his intention as shown by the whole will, and the pertinent Ohio authorities, we have concluded that Catherine's power to consume corpus was a limited one, and thus something less than the unlimited power of invasion required by the statute.

In the case of *Tax Commission v. Oswald,* 109 Ohio St. 36, 141 N.E. 678 (1923), the testator bequeathed to his spouse whatever property he was possessed of at his death, giving her "full power to sell, deed and transfer, any or all of it as she may deem best to better her condition." Upon her death remainders over to third persons were provided. The Ohio Supreme Court construed the will as creating in the surviving spouse a life estate coupled with a limited power to be exercised for her benefit, and as creating in the named remaindermen vested remainders insomuch of the property as should remain unconsumed by the life tenant at her death, which were subject to divestment by the exercise of the power as denominated in the will. Subsequently, in the case of *Windnagel v. Windnagel,* 104 Ohio App. 22, 146 N.E. 457 (1957), the Ohio Court of Appeals, relying in part upon *Tax Commission v. Oswald, supra,* held a devise to a surviving spouse of a life estate with a power of disposition for her own welfare, with remainders over to the children, created in her a life estate coupled with a power to use a part or all of the property for her support, but after that purpose was accomplished, the unconsumed portion was to pass to the named remaindermen, share and share alike. It was there concluded that she could not make a gift of the

---

[2] S. Rept. No. 1983, 85 Cong., 2d Sess., pp. 106, 240; H. Rept. No. 2632, 85 Cong., 2d Sess., p. 38.

property to some of the testator's children, and not to others. See also *Johnson* v. *Johnson*, 51 Ohio St. 446, 38 N.E. 61.

Thus, when viewed under Ohio law, it is apparent that Catherine's power to consume was something less than absolute. Decedent's plain intention, evidenced by the remainder interests created by his will, was that his wife and son were to enjoy consecutive life estates in the income from his residuary estate, and that upon their death his grandchildren were to share in the annual income until the youngest attained 30 years of age, at which time the principal was to be distributed between them. Catherine's right to consume corpus was exercisable only for "her maintenance, comfort and general welfare," and unless so invoked could not operate to divest any of the remainder interests. If, during her lifetime, she did not consume the whole of the trust corpus, upon her death Joseph's life estate in the annual income from the unconsumed portion thereof commenced. It is thus apparent that she did not possess a power to appoint the entire interest exercisable in "all events" within the meaning of section 812(e)(1)(F). Cf. *Pipe's Estate* v. *Commissioner*, 241 F. 2d 210 (C.A. 2, 1957), affirming 23 T.C. 99 (1954). Accordingly, the interest created by Item 6 of the decedent's will being terminable, *Estate of Wallace S. Howell*, 28 T.C. 1193 (1957), *Estate of Harriet C. Evilsizor*, 27 T.C. 710 (1957), and not being within the exception contained in section 812(e)(1)(F), we hold it fails to qualify for the marital deduction. Respondent's determination with respect to this issue is therefore sustained.

No extended discussion is necessary with respect to the contention that decedent's business qualifies for the marital deduction. It is clear that no interest therein passed to his surviving spouse upon his death. The only possible interest which might accrue to her with respect thereto was the contingent right to liquidate, should Andrews predecease her. Even then, it would appear from a consideration of the entire will that decedent intended that the proceeds of liquidation should fall into his residuary estate, and thus become a part of the corpus of the trust provided for by Item 6 of his will. Moreover, Catherine had no right to any part of the annual income from the business, it being payable either to Andrews or to the trust established by decedent's will. No interest in the business having passed from decedent to his surviving spouse within the meaning of section 812(e)(1)(A) of the Code, we hold his estate is not entitled to the deduction now claimed.

*Decision will be entered under Rule 50.*