ESTATE OF THOMAS J. SEMMES, DECEASED, ELAINE P. SEMMES, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72980. Filed September 22, 1959.

*Lauch M. Magruder, Jr., Esq.*, for the petitioner.
*George L. Hudspeth, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* The respondent determined a deficiency in estate tax of petitioner's estate in the sum of $27,248.53.

All of the facts are stipulated and they are found accordingly. The parties also stipulate that the sole issue for decision is: "Whether the 255 shares of common capital stock in Semmes Bag Company, Inc., having a value of $247,916.10, as bequeathed in Item V of the decedent's [Thomas J. Semmes] last Will and Testament qualifies as a marital deduction."

Thomas J. Semmes, a resident of Shelby County, Tennessee, died testate on March 6, 1956. His will, which had been executed on November 3, 1954, was probated in said county and the Probate Court appointed his widow, Elaine, executrix.

Item V of the will provided, in part, as follows:

I hereby bequeath 255 shares (constituting 51% control) of my common stock in Semmes Bag Company, Inc., to my wife, Elaine P. Semmes, as Trustee for herself and my three children, if my said wife should survive me for three (3) months. My wife shall have sole power of management and control of said trust property, and shall have sole power of management and control of said trust property, and shall receive for her own benefit during her lifetime all the dividends and other income derived from said trust, and she shall have

the right to sell said stock and reinvest the proceeds of sale, at her discretion, *provided* that she must sell the whole of said stock when she elects to sell, and not retain any of this block of 255 shares. Any reinvestment she may make of the proceeds of the sale, shall be impressed with the same trust herein provided for. She shall have the sole right to vote said stock at any stockholders meeting of the Semmes Bag Company, Inc. My wife shall have the right to encroach upon the principal or corpus of said trust property for her own benefit, at any time she sees fit, without accounting to my children, or their representatives. Upon the death of my wife, said trust property shall be divided equally among my three children, or their direct issue should any child predecease my wife, the children of such deceased child to receive that child's portion. In the event of the death of any of my three children without issue, said trust property is to be divided among the surviving children. Should all my children and their issue predecease my wife, then this trust shall terminate and the trust property shall belong absolutely and totally to my wife to do with as she pleases. My wife is hereby relieved of making bond either as trustee or as executrix.

The remaining portion of Item V made provision for an alternate trustee if the wife should die before testator's youngest child reached 21 years of age; the division of the trust corpus after the wife's death when the youngest child reached 21 years of age; and the distribution of the stock to his children if the wife did not survive testator for 3 months.

On the return filed for decedent's estate, a marital deduction for the value of stock passing under Item V, in the sum of $247,916.10, was claimed.

Respondent agreed with the valuation of the stock but determined the sum did not qualify for a marital deduction under the provisions of section 2056(b), I.R.C. 1954,[1] and disallowed the marital deduction in the sum of $247,916.10.

Section 2056(a) provides for a deduction from the value of the gross estate of "an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse."

Petitioner's first argument is that under the law of the State of Tennessee the granted powers to Elaine to encroach upon the principal of the trust for her benefit and at any time she saw fit, makes Elaine "the absolute owner of the 255 shares of stock." Petitioner argues that the widow's interest in the trust property "was the equivalent of a fee simple estate under Tennessee law" and petitioner seems to argue the bequest over after Elaine's death, would, under Tennessee law, be void. Petitioner cites *Smith* v. *Bell*, 8 Tenn. 301 (1827); *Sevier, et al.* v. *Brown*, 32 Tenn. 112 (1852); *Waller* v. *Sproles*, 160 Tenn. 11, 22 S.W. 2d 4; *Haskins* v. *McCampbell*, 189 Tenn. 482, 226 S.W. 2d 88 (1949); and *Marsh* v. *Porch*, 35 Tenn. App. 62, 242 S.W. 2d 691 (1951).

---

[1] All section references are to the Internal Revenue Code of 1954, unless otherwise noted.

No detailed discussion of the cited cases is necessary. We have examined them and we do not feel they are in point here. All but the *Waller* case were situations in which no life estate was involved and the courts were construing whether the language of bequest to the first taker was sufficient to constitute the gift of a fee so that an attempted gift over would be void. In the *Waller* case where there was a life estate "with an absolute power of disposal" in the life tenant, the Court held "the fee vests in the first taker, and the limitation over is void." However, the opinion recognizes if the life tenant's power of disposition were "restricted, limited, or contingent" the result would be otherwise.

It is doubtful if any of the cited cases would have any application when the gift is to a trust and, apparently, the rule of the *Waller* case was changed by statute when Tennessee adopted what is now section 64–106, Tenn. Code Ann. (1955).[2]

We cannot conclude that, under the law of Tennessee, the widow was the absolute owner or had the equivalent of a fee interest in the trust corpus.

Petitioner's main argument is that the value of the 255 shares of stock conveyed to the trust by Item V is deductible from the value of the gross estate by virtue of section 2056(b)(5). This section allows a marital deduction for a life estate passing to a surviving spouse with a power of appointment, as follows:

SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

\* \* \* \* \* \* \*

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

---

[2] Estate with unlimited power of disposition.—When the unlimited power of disposition, qualified or unqualified, not accompanied by any trust, is given expressly, in any written instrument, to the owner of any particular estate for life or years, legal or equitable, such estate is changed into a fee absolute as to right of disposition, and rights of creditors and purchasers, but subject to any future estate limited thereon or executory devise thereof, in event and so far as the power is not executed or the property sold for the satisfaction of debts during the continuance of the particular estate.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

Before the power of the surviving spouse as life tenant to invade the principal will be considered equivalent to the power to appoint mentioned in the above statute "[t]he surviving spouse must have the power to appoint the entire interest * * * to either herself or her estate." Estate Tax Regs., sec. 20.2056(b)-(5)(a)(3).

Nowhere in the will do we find a power given to the surviving spouse to appoint the entire interest, "exercisable by such spouse * * * in all events" within the language of the statute or "the power to appoint the entire interest * * * to either herself or her estate" within the language of the regulation previously mentioned. For the widow to prevail in her position that the stock conveyed in Item V to the trust qualifies under section 2056(b)(5) for a marital deduction, she must show she was granted the power to appoint the corpus in all events to herself as unqualified owner or appoint the corpus as a part of her estate. *Estate of Ralph G. May*, 32 T.C. 386.

Petitioner admits the ultimate question is to determine what the decedent intended. *Estate of E. W. Noble*, 31 T.C. 888. It is apparent that no such unlimited power contended for by petitioner was intended by decedent. It is true the surviving spouse was given an unrestricted "right to encroach upon the principal or corpus of said trust property for her own benefit" but this is about like the unrestricted right to "invade and use the principal" given to the surviving wife in *Estate of Ralph G. May, supra*. In the *May* case we said: "The plain intent of the testator * * * was that the surviving spouse could do nothing with the unused portion of the principal." The same can be said here. The elaborate provisions for the disposition of the trust corpus, after the death of the widow, shows clearly that it was not the intent of testator that any stock or substitute investment pass through her estate. Nothing in the will indicates an intention that the widow could at any time dispose of the property by gift or appoint the corpus to herself as unqualified owner. *Estate of Ralph G. May, supra; Estate of Elwood Comer*, 31 T.C. 1193. In fact, the intent manifested in the will is that the property could only go to the wife "to do with as she pleases" if all of decedent's children and their issue predeceased his wife. It certainly was the intent to leave the children something if they survived their mother and she had not exhausted all of the trust corpus for her own benefit.

The law of Tennessee does not help petitioner. There are many cases decided by the Tennessee courts where the life tenant, with broad powers of encroachment on the principal, is held to have something less than the unlimited power that would include giving the property away or appointing it to himself or in his estate.

1222

In *Black* v. *Pettigrew*, 38 Tenn. App. 1, 270 S.W. 2d 196, the Court construed "to have and to enjoy in any way she may deem proper" and in *Jones* v. *McMurrey*, 25 Tenn. App. 47, 150 S.W. 2d 713, the words "to be used as she see fit." In both cases such words, in the life tenants' grants, followed by gifts over, were held to give each life tenant something less than an unqualified right to dispose of the corpus. The opinions cite and discuss many other decisions of Tennessee courts to the same effect. The words are different in the instant case but the manifest intention to be drawn from the will is the same.

We hold for respondent on the issue presented. Because of certain concessions,

*Decision will be entered under Rule 50.*