Estate of Leo A. Bourke, Deceased, Frances L. Bourke, Executrix v. Commissioner.
Estate of Bourke v. Commissioner
Docket No. 77779.
United States Tax Court
T.C. Memo 1960-94; 1960 Tax Ct. Memo LEXIS 196; 19 T.C.M. (CCH) 496; T.C.M. (RIA) 60094; May 10, 1960
William D. McKee, Esq., for the petitioner. Godfrey L. Munter, Jr., Esq., and Aaron S. Resnick, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent has determined a deficiency in estate tax with respect to the estate of Leo A. Bourke in the amount of $44,796.94. Other issues raised by the pleadings having been disposed of by agreement of the parties, the only remaining issue is whether respondent has erred in disallowing a marital deduction in his computation of estate tax. Findings *197 of Fact The stipulated facts are found. Leo A. Bourke, the decedent, died testate, in California on August 18, 1954. His last will was admitted to probate in that state with his surviving wife, Frances L. Bourke, duly appointed and qualified as executrix. Paragraph Fifth of decedent's will contained the following provisions: "Fifth: All of the rest, residue and remainder of my property, whatsoever and wheresoever (including, if my said wife shall survive me, all of the community rights and interests of my said wife as well as my own in any community property of my said wife and myself), I give, devise and bequeath as follows: "A. If my said wife shall survive me and any issue of mine shall survive me, I give, devise and bequeath all of the rest, residue and remainder of my property as follows: "I. One-half (1/2) of said rest, residue and remainder (which one-half shall be deemed to consist of the one-half community interest of my said wife in any community property of my said wife and myself together with one-half of all of my separate property constituting part of said rest, residue and remainder) I give, devise and bequeath to my trustees hereinafter named IN TRUST, HOWEVER, *198 for the following uses and purposes: "The trustees shall receive and collect the income from the trust estate of this trust and shall pay the entire net income therefrom monthly or at other convenient intervals to my said wife so long as she shall live, and in addition thereto the trustees shall pay to my said wife such portion of the principal of the trust estate of this trust up to the whole thereof as my said wife shall from time to time request in writing. "Unless sooner terminated by payment to my said wife of the whole of the principal of the trust estate of this trust as above provided, this trust shall terminate upon the death of my said wife, and upon such termination the entire principal of the trust estate of this trust together with any undistributed income therefrom then in the hands of the trustees shall free from trust vest in and be distributed to the same persons and in the same manner as is provided in subsection II of this subparagraph A with respect to the trust estate of the trust of the other one-half of said rest, residue and remainder." Subsection II of paragraph Fifth: A provides an income estate in trust for decedent's spouse which is not in controversy, *199 it being conceded by petitioner that no marital deduction is attributable thereto. The remaining subsections provide for the disposition of remaining trust corpus and undistributed income from the latter trust to decedent's two children on the death of his surviving spouse. Subsection III: e of paragraph Fifth: A was a spendthrift provision restraining all beneficiaries of trust income or corpus from impairing their respective beneficial or legal rights thereto during the entire terms of the trusts. Paragraph Fifth: B of the will is as follows: "B. If my said wife shall survive me and no issue of mine shall survive me, then I give, devise and bequeath all of said rest, residue and remainder of my property to my said wife, FRANCES L. BOURKE." The power granted by decedent to his surviving spouse to invade the principal of the trust created by paragraph Fifth: A: I of his will was unlimited and to be exercised by her alone and in all events. Opinion Although the record does not disclose the date of acquisition by decedent of any property referred to in paragraph Fifth: A: I of his will, the parties, as we understand their stipulation, have agreed with respect to the value *200 of any community property there referred to. The law governing decision of this issue is contained in section 2056, I.R.C. 1954. Paragraph (5) of section 2056(b), quoted in the margin, [1] is, in the light of our ultimate finding of fact, dispositive of the issue. *201 Respondent in effect concedes on brief that because of the words (or lack of them) employed by decedent in paragraph Fifth: A: I of his will, this case is factually distinguishable from the line of cases represented by Commissioner v. Ellis' Estate, (C.A. 3) 252 F. 2d 109, reversing 26 T.C. 694; Estate of Ralph G. May, 32 T.C. 386, on appeal (C.A. 2); and Estate of Thomas J. Semmes, 32 T.C. 1218. However respondent contends that because of other provisions of the will it must be concluded that the power to invade corpus is limited to the spouse's beneficial use and does not amount to the granting of the power of appointment required under respondent's Estate Tax Regulations under the 1954 Code, section 20.2056(a) and (b). In so arguing he relies primarily on the provisions of the spendthrift clause of the will. As we read the spendthrift provision it can have no application to paragraph Fifth: A: I in the event the spouse exercises the power there granted, for by its terms it applies only so long as the term of the trust, and it is clear from the language of paragraph Fifth: A: I, and particularly the wording of the last paragraph *202 thereof which reads, in part, "Unless sooner terminated by payment to my said wife of the whole of the principal of the trust estate of this trust as above provided," that the intent of the decedent was to the effect that his surviving spouse could terminate the trust by complete and entire invasion of its corpus. The same is true with respect to all other provisions of the will providing for the division of remainders among decedent's children at his spouse's death. We find it unnecessary to consider any evidence but the will itself to reach the conclusion that paragraph Fifth: A: I clearly conveyed not only a right to income from the trust property there set aside, but the unfettered right to defeat the interests of remaindermen by the termination of the trust brought about by the clear right to invade trust corpus to its complete extinction by the spouse's mere written request. As stated by the Court of Appeals for the Third Circuit in Z. G. Hoffman et al., Exrs. v. McGinnes, 277 F. 2d 598 (April 11, 1960), in reversing a District Court decision for the respondent on a nearly identical issue: "It would be difficult, if not impossible, to state any more explicitly *203 an intent to confer 'an unrestricted power exercisable at any time during her life to use all or any part of' the principal of the decedent's trust estate." Respondent contends too, and we agree, that whereas Federal law controls the imposition of estate taxes with respect to property rights passing under a will, what those rights are is controlled by the law of the situs of the will. In so contending, respondent cites In re Smythe's Estate, 132 Cal. App. 2d 343, 282 P. 2d 141, and King v. Hawley, 113 Cal. App. 2d 534, 248 P. 2d 491. He argues, and we agree, that California law as so evidenced is in accordance with the general rule concerning life estates with remainders over and particularly with the law of Pennsylvania as expressed in In re Watson's Estate, 241 Pa. 271, 280, 88 Atl. 433, 436, where it was said regarding the interpretation to be given such testamentary provisions in the interest of remaindermen: "the court can only interfere to protect the remaindermen when the widow attempts to divert the fund from the purpose for which it was bequeathed her." The California authorities cited are in accordance with the quoted language *204 of In re Watson's Estate, supra. The point is that no such diversion from remaindermen and no bad-faith invasion of principal takes place where the intent of the testator not necessarily to protect remaindermen from the life tenant is clear from the language of his will. Other California authority cited by respondent does not appear apt. That the unrestricted power to invade the trust corpus to its extinction constitutes the requisite power of appointment in order to qualify such property for marital deduction under both the 1939 and 1954 Codes has been many times recognized by this and other courts. Z. G. Hoffman et al., Exrs. v. McGinnes, supra; Commissioner v. Ellis' Estate, supra; Estate of Ralph G. May, supra; Estate of Thomas J. Semmes, supra; Estate of E. W. Noble, 31 T.C. 888; Estate of Elwood Comer, 31 T.C. 1193 affd. 223 F. 2d 163. Indeed respondent's Estate Tax Regulations, sections 20.2041-1(b)(1) and 20.2056(b)-5(g)(1)(i), have so interpreted section 2056 of the 1954 Code. We find petitioner to be entitled to a marital deduction with *205 respect to property conveyed by paragraph Fifth: A: I of decedent's will. The parties have stipulated that "If the property passing under Paragraph Fifth A I of the decedent's last will and testament qualified [quality] for the marital deduction * * * there is no deficiency herein." Accordingly. Decision will be entered for the petitioner. Footnotes
1. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. * * *
(b) Limitation in the Case of Life Estate or Other Terminable Interest. - * * *
(5) Life Estate With Power of Appointment in Surviving Spouse. - In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at inc frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse - (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.↩